WILLIAM R. POAG, ADM'R v. JOSEPH ROWE.

Failing to prosecute an appeal from the County Court, after claiming it, is no objection to a certiorari subsequently obtained; nor is it necessary to state in the petition for certiorari, the cause of failure to prosecute the appeal.

Error from Panola. Tried before the Hon. A. W. O. Hicks.

*W. R. Poag,* for plaintiff in error.

LIPSCOMB, J. This suit was brought by the defendant in error, in the County Court, to obtain a specific performance of a covenant for land. The record shows that the County Court rendered judgment in favor of the defendant in that Court, and the plaintiff claimed and was allowed an appeal, which does not appear to have been prosecuted ; but he removed the case into the District Court for revision by certiorari. In the District Court, a motion was made by the defendant to quash the certiorari; which was overruled, and judgment was rendered for the plaintiff, and a decree for a specific execution of the covenant. The defendant has brought the case to this Court by a writ of error, to review the judgment and decree of the District Court.

The only error assigned, is the overruling the motion to quash the certiorari. The assignment is general, without giving the specific grounds of objection to the certiorari. On the ground of a want of specification of the grounds of objection, the assignment might well be disregarded by this Court ; and if the rule were to be strictly enforced, it would be disregard-

ed. But as the plaintiff in error has disclosed in his brief his objection to the certiorari, we will dispose of it. He supposes that as an appeal would lie, the certiorari could not be sustained, without showing satisfactory reasons why that remedy was not adopted. To which we answer, that although the remedy by appeal might have been pursued, yet it was not obligatory on him to pursue that remedy, and he could resort to the certiorari under Articles 807, 808 and 809, Hart. Dig. See the case of Moore, adm'r v. Hardison, 10 Tex. R. 467.—The declining to prosecute an appeal after claiming it, is nothing more than what frequently occurs in practice: the party fails to perfect the appeal, and sues out a writ of error; and it often happens that an appeal, from some cause, is dismissed, yet the party may then sue out his writ of error, if the time for taking out the writ has not expired. We find no error, and the judgment of the Court below is affirmed.

Judgment affirmed.