## W. P. DARBY v. JAMES DAVIDSON.

Upon motion to quash or dismiss a *certiorari*, the District Court is not con-
fined to the petition for the writ, but will always look to the transcript
from the Justice's Court, in order to determine the merits of the motion.

Where it appeared by the transcript from the Justice's Court, that the suit
was dismissed before the writ of *certiorari* was sued out, the motion in the
District Court to dismiss the petition and *certiorari* for that reason should
have been sustained—there being, in such case, no office for the writ to
perform.

APPEAL from Fayette.    Tried below before the Hon. George
W. Smith.

Suit by Davidson before a justice of the peace, to recover from
Darby some $39, upon an account stated.   Darby reconvened and
obtained judgment against Davidson for $36, and costs.    David-
son brought the case by *certiorari* to the District Court, where he
recovered judgment for $31 25.    The other facts appear in the
opinion.

*W. G. Webb,* for the appellant.

*John W. Harris,* for the appellee.

BELL, J.—It is only necessary to the disposition of this case
to say, that the court below erred in overruling the motion to dis-
miss the petition and *certiorari*.    One of the grounds of the mo-
tion was, "because it appears in the transcript of the proceedings
had in this cause in the Justice's Court, now on file, that said
plaintiff, on the 4th day of July, A. D. 1855, dismissed his said
suit."    In overruling the motion to dismiss the *certiorari*, the
record discloses that the court below proceeded upon the idea that
the transcript from the Justice's Court could not properly be con-
sidered, but that the court was confined to the petition itself.    This
was error.    This court has repeatedly held, that upon a motion to
quash or dismiss a *certiorari*, the District Court will always look
to the transcript from the Justice's Court in order to determine

Darby v. Davidson.

the merits of the motion. (Jones v. Nold, 22 Tex., and cases there cited.) An examination of the transcript of the proceedings in the Justice's court, in the present case, shows, that after the rendition of judgment in favor of Darby, a new trial was granted by the justice, on the motion of Davidson. Of course, the former verdict and judgment were set aside. Afterwards, on the 4th of July, A. D. 1855, Davidson dismissed his suit. His action in dismissing the suit seems to have been concurred in by Darby, who had pleaded in reconvention. Davidson afterwards filed the petition for *certiorari*. This action may have been induced because the justice, after the dismissal of the suit by Davidson, proceeded to award execution upon the judgment formerly recovered by Darby, and which had been set aside, as may be inferred from the justice's transcript, and as is intimated in the petition for *certiorari*. If the justice awarded execution in favor of Darby upon his former judgment, it was a nullity, and Davidson's remedy was by injunction. There was no case in the Justice's Court to bring up to the District Court—no office for a writ of *certiorari* to perform. The petition for *certiorari* ought, therefore, to have been dismissed. It is, therefore, ordered, that the judgment of the court below be reversed and the cause dismissed.

Judgment reversed and cause dismissed.