## GEORGE SEELIGSON & CO. v. W. F. WILSON.

### SUPREME COURT, GALVESTON TERM, 1883.

*Certiorari—Bond.*—For a description of the judgment, the bond referred to the petition for the *certiorari*, and upon reference to the petition, the judgment was found therein to be fully described.

*Held*—That the bond was sufficient in that particular.

*Same Affidavit.*—The affidavit to the petition for *certiorari* recited, "that all the material allegations of the above and foregoing petition are true, so far as stated upon my own knowledge, and so far as stated upon the information of others are believed to be true."

*Held*—To be sufficient.

Appeal from the district court of Brazoria county. On the 21st day of October, 1879, appellants sued appellee on

a note of $100, before Frank McGreal, a justice of the peace, precinct No. 2, of Brazoria county, and on the 19th day of January, 1880, they instituted another suit against appellee, on another note for $130.39 in the same court. Certain credits were allowed on these notes reducing them in the aggregate to less than $200. Appellee plead certain counter claims and also in reconvention for damages to his credit, etc. The cause was called for trial, appellants failed to appear, appellee appeared, announced ready, and a trial was had and a verdict returned for appellee, upon which judgment was rendered for appellants for three dollars, (admitted by appellee to be due him,) and divided the costs between the parties. This judgment was rendered April 5, 1880, and a writ of *certiorari* was granted by the district judge to remove the proceedings to the district court June 16, 1880, on the petition of appellants.

Appellee moved to quash the writ of *certiorari* on the ground that the judgment of justice of the peace, was not properly described in the *certiorari* bond, and because the affidavit to the petition was not sufficient.

This motion was heard on the 28th day of November, 1881, and was sustained by the court, judgment was rendered dismissing the case at the cost of the appellants, from which this appeal was taken. The errors assigned are :

1. The court erred in holding that the bond for *certiorari* did not describe the judgment of the justice's court.

2. In holding that the affidavit was insufficient.

3. In dismissing the case. The judgment states that the case was dismissed on account of the bond and affidavit being defective.

Opinion by Watts, J. In acting upon a motion to quash or dismiss a *certiorari*, the district court will always look to the petition for the writ and to the transcript from the justice's court in order to determine the merits of the motion. (Darby v. Davidson, 27 Texas, 332 ; Jones v. Nold, 22 Texas, 379. )

For a description of the judgment the bond refers to the petition for the *certiorari*, and upon reference to the petition the judgment of the justice of peace is found therein to be fully described. By the fiat the writ was awarded upon the condition that the bond should be given in the amount named by the judge, conditioned as the law requires ; this

was done, and besides referring to the petition for a description of the judgment, the bond gives the style of the cause, the date of the judgment and designates the court in which it was rendered.

This description of the judgment clearly and fully identifies it as the same found in the transcript from the justice's court.

In our opinion the bond is sufficient in that particular, and that the court erred in holding the contrary. Seeligson's affidavit to the petition for the writ of *certiorari*, is, "that all the material allegations of the above and foregoing petition are true so far as stated upon my own knowledge, and so far as stated upon the information of others are believed to be true." There is no specific objection to this affidavit pointed out by the motion to dismiss. In Rollinson v. Hope, 18 Texas, 446, the affidavit was almost identical in language with that before us, and in passing upon its sufficiency, Justice Wheeler said: "The affidavit is not in the most approved form, but a substantial compliance with the law, is all that is required; and the law does not prescribe the terms of the affidavit; but only that the party applying, shall make affidavit in writing setting forth sufficient cause to entitle him to the writ. The practice has been to construe these proceedings liberally, and not to require the same strictness which is required in the proceedings in the ordinary suits in the district court. We think the affidavit ought to be deemed sufficient in substance, especially as the motion did not point out specifically the objection now urged."

So also in this case we are of the opinion that the affidavit was sufficient, and that the court erred in this particular. We concluded and so report, that the judgment ought to be reversed and the cause remanded.

The report of the commissioner of appeals examined and approved, their opinion adopted, and the judgment reversed and cause remanded.