### J. W. STEVENS V. POLK COUNTY.

#### Decided December 8, 1909.

**1.—Venue—Trespass to Try Title.**

An action to recover land situated wholly in the county of defendant's
residence should be brought in that county, though claimed by plaintiff as part
of a larger survey situated partly in another county, in which suit was brought.

**2.—Same—Plea of Privilege.**

Defendant in trespass to try title, in claiming the right to be sued in the
county where the land is situated, is not required to negative exceptions to
article 1194, Revised Statutes, which are not applicable to that form of action,
but only to the case of a defendant claiming the right to be sued in the county of
his residence; and this, the rule previously existing, was not changed by the
Act of April 18, 1907. Laws 30th Leg., p. 248, permitting such exceptions to be
negatived by a general statement.

**3.—Same—Amendatory Act—Abatement—Change of Venue.**

The Act of April 18, 1907, Laws 30th Leg., p. 248, adding articles 1194a,

1194b, 1194c to the Revised Statutes, was intended to simplify the plea of privilege by permitting defendant, where it was necessary to negative the existence of exceptions to the right to be sued in his own county, to do so in general terms. It did not require him to negative such exceptions where it was not necessary to do so under the previous law. Under this Act the plea of privilege is no longer one in abatement of the suit, subject to the rules governing pleas in abatement, but a proceeding to change the venue to the proper county.

### 4.—Same—General Demurrer.

A plea of privilege by defendant in an action of trespass to try title, asserting his right to be sued in the county where he resided and the land was situated, which denied that any fact existed which would preclude him from the assertion of such right, was, as against a general demurrer, a sufficient compliance with the requirement of article 1194a, Rev. Stats. (Act of April 18, 1907) that such plea should state that "none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1194 or article 1585 of the Revised Statutes exist in said cause."

Appeal from the District Court of Throckmorton County. Tried below before Hon. Cullen C. Higgins.

*D. A. Holman,* for appellant.

*S. Webb* and *I. J. Wright,* for appellee.—Venue is properly laid in the county where the land involved in the suit or any part of it is situated. Rev. Stats., art. 1194, sec. 14; Ryan v. Jackson, 11 Texas, 391.

KEY, ASSOCIATE JUSTICE.—This is an action in form of trespass to try title, but is really a boundary suit. The plaintiff, Polk County, alleged in its petition that it was the owner of three leagues of land in the counties of Baylor and Throckmorton, and that the defendant J. W. Stevens resided in Baylor County. The petition charged that the defendant had unlawfully entered upon and ejected the plaintiff from 340 acres of the land referred to, and gave the specific boundaries of the 340 acres, showing that it was located in the northwest corner of the three leagues first described in the plaintiff's petition.

The first plea filed by the defendant was a plea of privilege to be sued in Baylor County, and the day following he filed an amendment to that plea, both of which were sworn to by him. In the original plea it was stated that the land in controversy lies entirely within Baylor County, and alleged that the defendant was not a resident of Throckmorton County where the suit was instituted at the time the suit was instituted, and at the time the plea of privilege was filed, "but was then and is now a resident of Baylor County, Texas." In the amendment to that plea the defendant alleged: "That the land sued for in this case and described in plaintiff's petition lies entirely in Baylor County, Texas, and no part thereof lies in Throckmorton County, Texas, where the suit is brought, contrary to the statute in such cases made and provided (sec. 14, art. 1194, Sayles' Rev. Stats.). That this defendant has in no wise waived and does not waive his right under the statute to have and demand suit for said land to be brought in Baylor County, where the whole of said land sued for lies, and he specially denies that any fact exists that would preclude him

from the assertion and insistence of said right. All of which defendant is ready to verify, and now here tenders proof thereunder, and asks that the same be heard by the court. Wherefore this defendant prays judgment of the court whether this court will take other or further cognizance of this suit and whether this defendant shall make further or other answer to plaintiff's amended petition and that same may be abated."

The plaintiff filed a replication to the plea of privilege, which consisted in substance of a general demurrer and an allegation that the plaintiff had previously appeared and made agreements to continue the case, thereby waiving his right to be sued in the county of his residence, and a general denial of the allegations set up in the plea of privilege.

The trial court heard and sustained the plea of privilege, and entered an order upon its minutes transferring the case to the District Court of Baylor County. At a subsequent day, and upon written motion of the plaintiff, the court set that order aside and sustained the plaintiff's exception to the defendant's plea of privilege, struck out and disregarded that plea, and the defendant excepted. The case then proceeded to trial and resulted in a verdict and judgment for the plaintiff, and the defendant has appealed.

The first question presented for decision is the action of the trial court in setting aside the order it had previously made sustaining the defendant's plea of privilege and transferring the case to Baylor County, and then sustaining the exception to the plea of privilege, thereby compelling the defendant to litigate the case in Throckmorton County. The bill of exceptions shows that at the trial of the plea of privilege the plaintiff admitted that the land in controversy was wholly within Baylor County, and, in substance, that the defendant had not previously appeared and that the plea of privilege was his first appearance in the case.

We are of opinion that the trial court ruled correctly at first when it sustained the plea of privilege and transferred the case to Baylor County, and that it committed error when it made the other ruling and set that order aside and struck out the plea of privilege. The Thirtieth Legislature amended the venue statute by adding thereto three additional articles, which read as follows:

"Article 1194a. A plea of privilege to be sued in the county of one's residence shall be sufficient if it be in writing and sworn to, and shall state that the party claiming such privilege was not at the institution of such suit, nor at the time of the service of such process therein, nor at the time of filing such plea a resident of the county in which such suit was instituted, and shall state the county of his residence at the time of such plea; and that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1194 or article 1585 of the Revised Statutes exist in said cause.

"Article 1194b. Issuing process for witnesses and taking depositions shall not constitute a waiver of such plea of privilege, but depositions taken in such case may be read in evidence in any subsequent suit between the same parties concerning the same subject matter in like manner as if taken in such subsequent suit, and if such plea of

privilege is sustained the cause shall not be dismissed, but the court shall transfer said cause to the court having jurisdiction of the person of the defendant therein, and the cost incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against the plaintiff.

"Article 1194c. That whenever a plea of privilege to the venue to be sued in some other county than the county in which the suit is pending shall be sustained that the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause, and that the clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court and transmit the same with the original papers in the case to the clerk of the court to which the venue has been changed.

"Provided, that nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege."

It will be observed that article 1194a does not specifically and in terms condemn all pleas that are not strictly in conformity with that article. It merely declares that a plea which contains the matters therein stated shall be sufficient. It does not state that any other plea shall not be sufficient, nor do we believe that it should be so construed. Before that amendment was added to the law it was not necessary for a defendant, in presenting the question of venue, to negative all the exceptions which the statute makes to article 1194, which article declares that no inhabitant of the State shall be sued out of the county in which he has his domicile, except as therein specified, naming about thirty exceptions. For instance, the fifth exception to that article prescribes that, where a person has contracted in writing to perform an obligation in any particular county, he may be sued either in such county or where he has his domicile. Still, and notwithstanding that provision, in an action of trespass to try title a defendant, in pleading his privilege to be sued in another county, was not required to negative the fifth exception to the statute, because the nature of the suit, as disclosed by the plaintiff's petition, would sufficiently negative that exception. The rule of law illustrated by the hypothetical case just stated was well settled at the time the Thirtieth Legislature enacted the amendment referred to, and it is not believed that it was intended by that amendment to change that rule. In other words, notwithstanding the amendment referred to, if a defendant, entitled to be sued in another county, should file a plea of privilege which was sufficient before this amendment was enacted, it is not believed that such plea should be overruled merely because it failed to state "that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1194 or article 1585 of the Revised Statutes exist in said cause." We think it was the purpose of the Legislature, in enacting the amendment, to permit a defendant, if he saw proper, to simplify and shorten his plea, and, instead of negativing certain exceptions to article 1194, as would have been required before the amendment was enacted, merely stating, in general terms, that none of the exceptions referred to exist in the particular case. However, while under the amendment such litigant now has the option to avail himself of the

amendment and pursue the shorter course, he is not compelled to do so and may, if he sees proper, frame his plea in accordance with the rules of law established by the decisions of the appellate courts. Hence we hold that it was not necessary for the plea of privilege in this case to conform strictly to the amendment referred to, and if it was sufficient under the law as it existed at the time the amendment was enacted, the court should not have sustained the exception urged against it.

The only exception urged to the plea was, in substance, a general demurrer and that exception the court sustained, which ruling, we think, was erroneous. If the defendant was not required to conform his plea to the amended statute the plea was sufficient as against either a general or special exception. It stated in distinct terms that the land sued for was situated in Baylor County, and that the defendant resided in that county; and, in a suit of this kind, that was all that was necessary to state under the rule of law established before the statute was amended. But even if it should be held that the established rules of law regulating such pleas of venue are so changed by the amendment as to absolutely require substantial compliance with the amendment, still, the plea of privilege, in effect, alleged that the defendant had not waived his right to be sued in Baylor County, and that no fact existed that would preclude him from the assertion of said right. That general averment is broad enough to cover everything specified in the amendment, and while, as against a special exception, it may have been too general, it was sufficient as against a general demurrer.

Thus far we have considered the matter upon the assumption that a plea of privilege to be sued in another county is a plea in abatement and subject to the rules which are generally applied to such pleas. However, by the amendment to the venue statute already noted, such a plea can not properly result in abating the suit, and if sustained, the amendment requires the court which sustains such plea to make an order changing the venue of the suit to the proper county. In view of this important change in the law it would seem that the old rules concerning pleas in abatement ought not, in all cases, to be given controlling effect. The fourteenth exception to article 1194 prescribing the venue of suits declares that suits for the recovery of lands, etc., must be brought in the county in which the land or a part thereof may lie. Although the word "must" is frequently used in an imperative sense, we are aware of the fact that, in construing this statute, it has not been given that construction; and that it is well settled that, although the first part of article 1194 declares that no person *shall* be sued out of the county of his domicile, and the fourteenth subdivision thereof declares that suits for the recovery of lands, etc., *must* be brought in the county in which the land or part thereof lies, yet a defendant not residing in the county where the suit is instituted to recover land lying in still a third county, may waive his right to be sued in some other county, and thereby submit himself to the jurisdiction of the court in which the suit has been instituted. Nevertheless, as the two provisions of the statute referred to indicate an intense legislative purpose to secure to a defendant the right to have such litiga-

tion conducted in one of two counties, and as the law as enacted by the recent amendment referred to provides for a change of venue when a defendant has not been sued in the proper county, it would seem that the courts ought to lend a willing hand to aid him in securing the right so clearly conferred upon him. (Wolf v. Sahm, 55 Texas Civ. App., 564.)

Hence we conclude that the court erred in setting aside the order sustaining the plea of privilege to be sued in Baylor County, and also erred in sustaining the plaintiff's exception to that plea; and having reached that conclusion, we do not deem it necessary to consider the other questions presented in appellant's brief. (Lumpkin v. Storey, 49 Texas Civ. App., 332.)

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*