**LUCAS et al. v. HARRISON et al.**

(Court of Civil Appeals of Texas. Austin. June 21, 1911.)

1. JUSTICES OF THE PEACE (§ 202*)—REMOVAL OF CASE BY CERTIORARI—AFFIDAVIT—"HIS OWN" NEGLECT.

Negligence of the attorney of defendant, whereby default judgment was rendered, is not neglect of defendant within Rev. St. 1895, art. 345, requiring his affidavit for removal of the case by certiorari from the justice's court to the county court, on the ground of injustice done him by the final determination, to show that such injustice was not caused by "his own" inexcusable neglect.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 778–789; Dec. Dig. § 202.*]

2. JUSTICES OF THE PEACE (§ 202*)—REMOVAL OF CASE BY CERTIORARI—EXCUSE FOR NOT APPEALING.

Appeal and certiorari being cumulative remedies for removal of a case from a justice's court to the county court, it is not necessary for obtaining the remedy by certiorari to assign any excuse for not taking an appeal.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 778–789; Dec. Dig. § 202.*]

3. JUSTICES OF THE PEACE (§ 202*)—REMOVAL OF CAUSE BY CERTIORARI—AFFIDAVIT.

Within the requirement of the statute for removal of a case from a justice's court to the county court, that applicant make affidavit in writing, a statement in writing signed by a party and verified by affidavit made by him is sufficient.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 778–789; Dec. Dig. § 202.*]

Appeal from Fayette County Court; George Willrich, Judge.

Action by C. P. Harrison and others against Charles Lucas and others. Defendants removed the case from justice court to the county court, where it was dismissed, and defendants appeal. Reversed and remanded.

John T. Duncan, for appellants. Brown & Lane and L. D. Brown, for appellees.

KEY, C. J. This case originated in a justice of the peace court, where judgment by default was rendered against the defendants. Upon motion of the plaintiffs the case was dismissed because of alleged insufficiency of the petition for certiorari. The case has been brought to this court, and that ruling of the trial court is the only question presented for decision.

The petition for certiorari stated facts which showed that appellants had a good defense to the cause of action asserted in the justice's court; that they employed an attorney to represent them, who negligently failed to do so. While it is true that a petition for certiorari partakes of the qualities of a bill of review or an application for a new trial, it is also true that it is one mode of appeal prescribed by statute, and it has been held that the statute and proceedings thereunder should be liberally construed. Rol-lison v. Hope, 18 Tex. 446; Seeligson & Co. v. Wilson, 58 Tex. 369. The statute authorizing removal of the case by certiorari from a justice's court to the county court requires the applicant for such writ to make affidavit in writing, setting forth sufficient cause to entitle him thereto; and article 345, R. S. 1895, defines "sufficient cause" as follows: "In order to constitute sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceedings, and that such injustice was not caused by his own inexcusable neglect." The petition in this case shows that appellants had a good and sufficient defense, and did not, in fact, owe any part of the claim sued upon; that they made a bona fide effort to avail themselves of that defense by employing an attorney who promised to attend to the matter for them, and negligently failed to do so.

[1] It will be observed that the statute quoted requires the applicant for the writ of certiorari to show that injustice has been done him, and that such injustice was not caused by *his own* inexcusable neglect. In Hail v. Magale, 1 White & W. Civ. Cas. Ct. App. § 853, the Court of Appeals construing this statute held that the negligence of an attorney would not be imputed to his client, so as to deprive the client of his remedy by certiorari. That is the only case we have found construing that statute upon that point, and as that court had the same jurisdiction of this class of cases as this court now has, that decision should be followed, unless it clearly appears to be wrong. While it is true, as a general rule, that a litigant is chargeable with the negligence of his attorney, we think the words "his own," as used in this statute, are susceptible of the construction that the Legislature meant the personal negligence of the litigant himself. Such was the holding in the case just referred to, and we think that holding should be adhered to. Hence we hold that it was not necessary for appellants to show that their attorney was not guilty of negligence; nor does it defeat their right to the writ of certiorari, because the facts stated in their petition disclosed the fact that such attorney was guilty of negligence.

[2] As to appellants' failure to prosecute an appeal to the county court, it is sufficient to say that appeal and certiorari are cumulative remedies, and in order to obtain the benefit of the latter it is not necessary to assign any excuse for not taking an appeal. Ray v. Parsons, 14 Tex. 370; Poag v. Rowe, 16 Tex. 590; Von Koehring v. Schneider, 24 Tex. Civ. App. 469, 60 S. W. 277; Friend v. Boren, 43 Tex. Civ. App. 33, 93 S. W. 711.

[3] We also overrule appellees' contention that the petition for certiorari was not prop-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

erly verified. The petition was signed by the applicants for the writ, and by their attorneys, and the jurat of the notary public, which follows immediately after, states that Charles Lucas and H. Meier state upon oath "that they have knowledge of the facts set forth in the above and foregoing petition, and that the allegations therein contained are true." While it is true that the statute requires an affidavit signed by the party or his agent, we do not believe that it was intended that the signature should constitute any part of the officer's jurat. We hold that a statement in writing, signed by a party and verified by affidavit made by the party signing the statement, is an affidavit in writing signed by such party.

Our conclusion is that the trial court erred in sustaining the motion to dismiss, and for that reason the judgment is reversed and the cause remanded.

Reversed and remanded.