POOLE v. PIERCE-FORDYCE OIL ASS'N. (No. 6141.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1919. On Motion for Rehearing, March 5, 1919.)

1. JUSTICES OF THE PEACE ⚌174(25)—PLEA OF PRIVILEGE—WAIVER IN COUNTY OF COURT.

Where defendant's plea of privilege in justice court was overruled during December term, and the cause taken to county court on February 19th following certiorari returnable to the March term, and where motion to dismiss certiorari which was filed during the March term was not disposed of until June 2d, when motion to strike out plea was made, there was no waiver of plea in county court.

2. JUSTICES OF THE PEACE ⚌60 — VENUE — PLEA OF PRIVILEGE—WAIVER.

That defendant's plea of privilege was filed December 30th, during the December term of justice court, and was not called to the attention of the justice or passed without prejudice, is insufficient to show a waiver of plea; it not appearing when term expired, or that there was an opportunity to procure a hearing on the plea during said term.

3. EVIDENCE ⚌41—JUDICIAL NOTICE—ORDER OF COMMISSIONERS' COURT.

The Court of Civil Appeals cannot take judicial notice of the order of the commissioners' court fixing term of justice's court.

4. EXCEPTIONS, BILL OF ⚌43(1)—FAILURE TO FILE IN TIME.

A bill of exceptions not filed within the time prescribed by law cannot be considered.

5. APPEAL AND ERROR ⚌931(7)—GROUND FOR DECISION OF LOWER COURT—PRESUMPTION.

Where judgment of the county court striking out defendant's plea of privilege shows on its face that it is based on conclusion that the plea is defective, no presumption can be indulged by the court on appeal that it was based on a finding of waiver.

6. PLEADING ⚌104(2)—PLEA OF PRIVILEGE—SUFFICIENCY.

Rev. St. 1911, art. 1903, providing that plea of privilege shall be sufficient if it contains certain statements, is permissive, and defendant's plea, stating that he was not a resident of the county at the time suit was instituted and at the time the plea was signed and sworn to, was sufficient.

On Motion for Rehearing.

7. ABATEMENT AND REVIVAL ⚌81—PLEA OF PRIVILEGE—ABANDONMENT.

One who presents a plea of privilege at a different time from that fixed by statutes and rule of court has the burden of showing that his plea has not been abandoned by his previous neglect.

8. CERTIORARI ⚌42(3)—PLEA OF PRIVILEGE —WAIVER.

While allegations of petition for certiorari must be taken as true, certiorari is a remedy to which the strict rules applicable to appeals do not necessarily apply, and petition which disclosed that defendant's counsel negligently failed to present and sustain plea of privilege cannot, where it also showed that such failure was not due to defendant's own inexcusable neglect, be held to show waiver or abandonment of plea.

9. CONSTITUTIONAL LAW ⚌70(3)—PUBLIC POLICY—PROVINCE OF COURTS.

That statute excusing petitioner for certiorari, if neglect to present and sustain plea of

---

privilege is not his own, but that of his attorney, may be a bad statute does not justify the courts in imputing to petitioner the negligence of his attorney.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action in Justice Court by H. C. Pierce and another, trading as partners under the name of Pierce-Fordyce Oil Association, against John A. Poole, Sr. The cause was taken to the county court by certiorari, and from the judgment rendered there against defendant and the sureties on his certiorari bond defendant appeals. Reversed and remanded.

L. H. Browne, of San Antonio, for appellant.

Wm. H. Russell, of San Antonio, for appellee.

MOURSUND, J. This is an appeal from a judgment rendered on April 20, 1918, for $152.80 in favor of H. C. Pierce and S. W. Fordyce, Jr., trading as partners under the name of Pierce-Fordyce Oil Association, against appellant and the sureties on his certiorari bond. The appellee was cited to appear at the December term of the justice's court, but service was had only five days before the beginning of such term. However, appellant, during such term, on December 30, 1916, filed his plea of privilege to be sued in Presidio county. This plea was overruled during the January term, to wit, on January 22, 1917. The cause was taken to the county court by certiorari on February 19, 1917, and on March 31, 1917, the appellees filed a motion to squash the certiorari, which was continued without prejudice to appellee's rights on April 25, 1917, and overruled on June 2, 1917. On June 2, 1917, appellee filed a motion to strike out the plea of privilege on the grounds: First, that it did not negative defendant's residence in Bexar county at the time the citation was served; and, second, that it had been waived by not being called to the attention of the justice's court during the December term of said court. An order was entered on the same day granting such motion, the court reciting therein that he held the plea insufficient to present the issue of venue. Appellant's bill of exceptions relating to such ruling contains the qualification reciting the facts with reference to what had taken place in the justice's court with reference to the plea, as above detailed, and, further, that the cause came to the county court "on February, 1917, lay here without any action by defendant during the balance of the January term, all of the March and May, 1917, terms, and was not acted on or called to the court's attention until June 2, 1917, and therefore the defendant waived his plea of privilege."

The only question presented is. whether the court erred in striking out the plea of privilege. Of course if the plea had been waived, the error, if there was error, in sustaining an exception thereto would be an immaterial one.

[1] As the writ of certiorari was returnable to the March term of the county court, no waiver can be predicated on the failure to obtain a ruling on the plea during the January term. During the March term a motion to dismiss the certiorari was filed, and until it was disposed of the plea of privilege would not be reached for consideration. We, therefore, hold there was no waiver in the county court.

[2-4] It appears from the qualification to the bill of exceptions that the plea was filed on December 30, 1916, during the December term, 1916, of the justice's court, and was not called to the attention of the justice or passed without prejudice. It is not shown when such term expired, or that any opportunity was had to procure a hearing on the plea of privilege during such term, and we believe the facts stated in the qualification are not sufficient to show a waiver. Aldridge v. Webb & Hill, 92 Tex. 122, 46 S. W. 224; Blum v. Strong, 71 Tex., 321, 6 S. W. 167; Harris Millinery Co. v. Melcher, 142 S. W. 100. The term may have expired on December 30th so far as the record discloses. We cannot take judicial notice of the order of the commissioners' court fixing the terms of said court. But, aside from this, it appears that the bill of exceptions was not filed within the time prescribed by law, and it therefore cannot be considered. Unknown Heirs of Criswell v. Robbins, 152 S. W. 210.

[5] The judgment of the court striking out the plea shows on its face that it is based on a conclusion that the plea is defective, and therefore no presumptions can be indulged that it was based on a finding of waiver. As there is no presumption in support of such a judgment that evidence was heard to show a waiver, it is incumbent on appellee to affirmatively show a waiver, in order to obviate the effect of error, if error there was, in sustaining the exception to the plea.

[6] The only exception urged against the plea is that it failed to state that defendant was not a resident of Bexar county at the time the citation was served on him and at the time the plea was filed, and only states that he was not a resident of said county at the time the suit was instituted and at the time the plea was signed and sworn to. It is true that article 1903, R. S. 1911, provides that a plea of privilege shall be sufficient if it contains certain statements, among them those omitted in the plea in this case, but if said statute be construed as providing for an exclusive method of drawing a plea of privilege, the court's ruling was correct. As the plea was signed and sworn to in the county

of defendant's residence, Presidio county, it is obvious that if it had contained the statement that at the time of the filing thereof defendant did not reside in Bexar county, such statement could at the utmost reflect only an intention not to remove to Bexar county before the filing of the plea. Prior to the enactment of said article 1903, it was well settled that if a petition disclosed on its face that the defendant was entitled to demand that he be sued in a different county than the one in which the suit was filed. he could raise the issue by exception. If the burden has been placed on defendant to allege that he has not been a resident of the county in which suit was filed at two particular periods subsequent to the time the suit was filed, it is obvious that in all cases the issue will have to be raised by a plea, and cannot longer be raised by exception. We do not believe the Legislature, intended to make such a sweeping change in our practice, and that the court was correct in holding in the case of Stevens v. Polk County, 58 Tex. Civ. App. 153, 123 S. W. 618, that article 1903 was intended as a permissive statute, the real purpose of which was to obviate the necessity of enumerating at great length the exceptions to the statute of venue for the purpose of negativing the existence thereof. The plea in this case is drawn under the rules established by our decisions prior to the enactment of article 1903, and specially negatives all excceptions which could bear on the issue. We hold that it is sufficient, and that under the law existing at the time it was overruled the defendant should have been given an *opportunity to admit proof* in support thereof, unless it was affirmatively made to appear that the plea had been waived.

The judgment is reversed, and the cause remanded.

## On Motion for Rehearing.

[7] Appellees contend that we erred in not holding that it was the duty of appellant to call the attention of the court to the plea at the December term, and, if the business of the court would not permit a hearing thereon, to procure the entry of an order continuing the case without prejudice to such plea. They cite Aldridge v. Webb & Hill, 92 Tex. 122, 46 S. W. 224, which sustains such contention, and we believe it logically follows that a person who presents a plea at a different time than that fixed by the statutes and the rule referred to in said case has the burden of showing that his plea has not been abandoned by his previous neglect. In this case there is nothing to show that the plea was filed during the December term, except the qualification to a bill of exceptions, which cannot be considered.

[8, 9] It is now also contended that the plea was waived by the failure to be present on January 22, 1917, and present the same and introduce evidence to support the allegations thereof. It is true that the allegations of the petition for certiorari must be taken as true; and the contention is made that the petition, in showing a reliance by the attorney for appellant upon certain customs and usages with respect to continuances of pleas of privilege and the trial of causes in this particular justice's court, discloses facts showing negligence on the part of the attorney. This might be admitted, and yet it would not be conclusive, for it appears that certiorari is a remedy to which the strict rules applicable in case of appeal do not necessarily apply. The applicant for the writ under the peculiar wording of the statute is not chargeable with the negligence of his attorney. Lucas v. Harrison, 139 S. W. 659. The appellant showed that there was injustice to him in overruling his plea of privilege; that is, that the facts, if properly presented, required the sustaining of such plea. He also showed that he promptly employed an attorney and gave him the necessary information to enable the attorney to protect his rights, and that he caused a plea of privilege to be filed. The petition discloses that the *failure to present the plea and sustain it by* evidence was not caused by appellant's own inexcusable neglect. The petition, therefore, was not defective, and if the petition was sufficient as against a motion to dismiss, it appears to us it cannot be held to show an abandonment or waiver of the plea of privilege. To so hold would be to negative the right to resort to the remedy by certiorari to revise rulings on pleas of privilege, or to establish one rule as to petitions relating to pleas of privilege and another as to petitions relating to trials on the merits. The statute excusing petitioner, if the neglect be not his own, but that of his attorney, may be a bad one, but that would not justify the courts in imputing to the petitioner the negligence of his attorney.

We conclude the motion for rehearing should be overruled.