HILL et al. v. PAVELKA et al.   (No. 7678.)

(Court of Civil Appeals of Texas.   Galveston.
Feb. 26, 1919.)

1. JUSTICES OF THE PEACE ⨺197(1)—CER-
TIORARI—GROUNDS—NEGLIGENCE OF ATTOR-
NEY.

Where petition for removal of case by cer-
tiorari from justice to county court, under Rev.
St. 1895, art. 345, showed that defendants had
a good and sufficient defense, and did not in
fact owe any part of the claim sued upon, and
that they made a bona fide effort to avail them-
selves of that defense by employing an attorney,
who negligently allowed default judgment to be
entered, court did not err in refusing to dismiss
writ; negligence of attorney not defeating de-
fendants' right.

2. JUSTICES OF THE PEACE ⨺208(2) — CER-
TIORARI—FAILURE TO FILE FINDINGS AND
CONCLUSIONS.

Where record shows that cause of action
stated by plaintiff was barred, that defendant
by special exception pleaded the bar, and that
judgment of county court on certiorari from
justice court states that special exception was
sustained and judgment rendered thereon, as-
signment that court erred in not filing findings
of fact and conclusions of law will be overruled;
there being no facts to be found, and failure to
file conclusions of law, if error, being harmless.

Error from Lavaca County Court; P. H.
Green, Judge.

Action in justice court by T. A. Hill and
others against Frank Pavelka and others.
There was judgment for plaintiffs in justice's
court, and defendants applied to the county
court for a writ of certiorari, which was
granted. Judgment for defendants, and
plaintiffs bring error. Affirmed.

Durell Miller, of Yookum, and A. J. Rabel,
of Harlinger, for plaintiffs in error.
A. E. Heilbron, of San Antonio, C. L. Stavi-
noha, of Hallettsville, and C. L. McGill, of
San Antonio, for defendants in error.

LANE, J.   On the 9th day of January, 1917,
plaintiffs in error brought suit in the justice
court of precinct No. 1 of Lavaca county,
Tex., against defendants in error Frank
Pavelka, a resident of Bexar county, and one
August Linhart, to revive a certain dormant
judgment in favor of plaintiffs against the de-
fendants.

In describing their cause of action in the
written petition filed in said justice court,
they alleged that the judgment sought to be
revived was rendered on the 26th day of
April, 1905, and that execution was issued
on same on the 11th day of May, 1905, and
returned the same day not executed, and that
more than ten years had elapsed since the
issuance of the last execution thereon. The
appearance day in said justice court was the
24th day of January, 1917.

On the 18th day of January, 1917, A. E.
Heilbron, an attorney of San Antonio, em-
ployed by Pavelka to represent him, mailed
to E. G. Peterson, justice of the peace of said
court, the answer of Pavelka for filing in
said cause. This answer was received by
said justice and filed in said cause on the
19th day of January, 1917. Contained in
said answer was the following:

"T. A. Hill & Son v. Frank Pavelka et al.

"Now comes the defendant Frank Pavelka,
and specially excepts to the plaintiffs' petition,
because he says the same shows on its face that
the judgment herein sued on is barred by stat-
ute of limitation, because there elapsed more
than ten years between the issuance of the first
and only execution on this judgment and the
filing of this suit, and this he is ready to verify.
Wherefore the defendant prays judgment of the
court that plaintiff take nothing by this suit,
and that he be discharged with his costs."

Pavelka also pleaded his discharge in bank-
ruptcy as a defense against any recovery
upon the claim of plaintiffs, and set out a
certified copy of the judgment of discharge
in his answer.

On the 18th day of January Heilbron, at-
torney for Pavelka, wrote the following letter
to counsel for the plaintiffs:

"Jan. 18, 1917.
"Messrs. Miller & Rabel, Attorneys, Halletts-
ville, Texas—Gentlemen:  I this day inclosed to
E. G. Peterson your J. P. for precinct No. 1,
Lavaca county, the original answer of Frank
Pavelka, one of the defendants in cause No.
628, T. A. Hill and Son v. Frank Pavelka and
August Linhart brought to January term, 1917,
with request that he file same amongst papers
of said cause, and post as to setting of case.  I
call your attention to the fact that Frank Pa-
velka received his final discharge in bankruptcy
before the District Court of United States, for
the Southern District of Texas, on the 1st day
of May, 1906, and the claim in suit was one of
those adjudicated.  I am inclosing herewith a
copy of his final discharge, the original of which
I have.  Will you therefore please address the
referee in bankruptcy or the federal clerk for
the Southern district of Texas, and satisfy your-
self that the claim in suit was scheduled and
adjudicated in the bankruptcy proceedings, oth-
erwise I will apply for a commission to take
depositions to establish the very thing that you
can satisfy yourself about for a two cent stamp,
which depositions would cost $3.50.
"Kindly let me hear from you as to whether
you insist upon we [our] proving up the matter.
"Yours truly, [Signed] E. A. Heilbron."

No reply to this letter was received by
Pavelka's attorney.

On January 24, 1917, judgment was ren-
dered against Pavelka by default for the sum
sued for.

On the 6th day of February, 1917, the
justice of the peace notified counsel for de-
fendant Pavelka that said judgment had been
rendered, and on the 27th day of February,

1917, Pavelka applied to the county judge of Lavaca county for a writ of certiorari to have said cause transferred to the county court of said county; the facts as above stated being fully set out in said application, which he alleged was a meritorious defense. The application was granted on the 1st day of March, 1917, and the transcript of the justice court was duly prepared and filed in the county court.

On 5th day of March, 1917, plaintiffs filed their motion to dismiss the writ of certiorari, because the application for the writ was insufficient to entitle the applicant to the writ, in that it does not appear therefrom that the justice of the peace was without jurisdiction, or that any injustice was done to the applicant by the judgment rendered in the justice court; nor does it appear therefrom that the judgment was not rendered against applicant because of his own inexcusable neglect.

This motion was continued from term to term without prejudice, until December 14, 1917, at which time it was by the court overruled, and thereupon, on the same day, judgment was rendered sustaining defendant's special demurrer to plaintiffs' petition because it showed on its face that their cause as therein stated was barred by limitation, and judgment was then rendered for the defendant.

[1] By the first assignment it is insisted that the court erred in refusing to sustain the motion of plaintiff in error to dismiss the writ of certiorari. This assignment is followed with the proposition that:

"A defendant in an action at law who has a defense to the suit of which he is fully aware, which is cognizable in a court of law and within its jurisdiction, and which he has an opportunity to interpose, is chargeable with negligence if he fails to set up such defense and insist upon it, not being prevented from doing so by any fraud, accident, or surprise; and he cannot have relief in equity against the judgment in that action, on the same grounds which constituted such defense, however unjust or inequitable the judgment may appear to be. This rule applies to all defenses which are purely legal in their nature. It includes the defense that there had been a discharge of the defendant in bankruptcy proceedings and the defense of the statute of limitations."

The petition for certiorari stated facts which showed that defendant in error had a good and sufficient defense to the cause of action asserted against him in the justice court; that he had employed an attorney to represent him, who negligently failed to do so. The petition for certiorari partakes of the qualities of a bill of review. It is but another mode of appeal from the justice court to the county court prescribed by the statute, and it has been held that such statute and proceedings thereunder should be liberally construed. Lucas v. Harrison, 139 S. W. 659; Rollison v. Hope, 18 Tex. 449; Seeligson v. Wilson, 58 Tex. 369.

In Rollison v. Hope, above cited, the court said:

"The affidavit is not in the most approved form. But a substantial compliance with the law is all that is required; and the law does not prescribe the terms of the affidavit; but only that the party applying shall make affidavit in writing, setting forth sufficient cause to entitle him to the writ. Hart. Dig. art. 1735. The practice has been to construe these proceedings liberally, and not to require the same strictness which is required in the proceedings in ordinary suits in the district court."

In Lucas v. Harrison, supra, Judge Key of the Austin court, in speaking for the court said:

"The statute authorizing removal of the case by certiorari from a justice's court to the county court requires the applicant for such writ to make affidavit in writing, setting forth sufficient cause to entitle him thereto; and article 345, R. S. 1895, defines 'sufficient cause' as follows: 'In order to constitute sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceedings, and that such injustice was not caused by his own inexcusable neglect.' The petition in this case shows that appellants had a good and sufficient defense, and did not, in fact, owe any part of the claim sued upon; that they made a bona fide effort to avail themselves of that defense by employing an attorney, who promised to attend to the matter for them, and negligently failed to do so.

"It will be observed that the statute quoted requires the applicant for the writ of certiorari to show that injustice has been done him, and that such injustice was not caused by his own inexcusable neglect. In Hail v. Magale, 1 White & W. Civ. Cas. Ct. App. § 853, the Court of Appeals, construing this statute, held that the negligence of an attorney would not be imputed to his client, so as to deprive the client of his remedy by certiorari. That is the only case we have found construing that statute upon that point, and as that court had the same jurisdiction of this class of cases as this court now has, that decision should be followed, unless it clearly appears to be wrong. While it is true, as a general rule, that a litigant is chargeable with the negligence of his attorney, we think the words 'his own,' as used in this statute, are susceptible of the construction that the Legislature meant the personal negligence of the litigant himself. Such was the holding in the case just referred to, and we think that holding should be adhered to. Hence we hold that it was not necessary for appellants to show that their attorney was not guilty of negligence; nor does it defeat their right to the writ of certiorari, because the facts stated in their petition disclosed the fact that such attorney was guilty of negligence."

[2] The assignment and propositions thereunder are overruled.

By the second assignment it is insisted that the court erred in not filing findings of fact and conclusions of law as requested by plaintiffs in error.

The record shows that the petition filed by plaintiff in error showed a cause of action barred by the statute of limitation if pleaded by defendant. The record also shows that defendant, by special exception to plaintiffs' cause of action as stated in their petition, pleaded the ten-year statute of limitation in bar of plaintiffs' right to recover, and the judgment of the trial court shows that the special exception of defendant was sustained, and that judgment was rendered for defendant upon said exception. These facts being made to appear from the record, it is also further apparent that there were no facts to be found by the court, and that the failure to file conclusions of law was harmless error, if error at all. The assignment is overruled, and the judgment of the trial court is affirmed.

Affirmed.