## BALHORN v. STARTZ.
### No. 8433.

Court of Civil Appeals of Texas. San Antonio.
May 14, 1930.

Conger & Conger, of San Antonio, for appellant.

Joe L. Hill, of San Antonio, for appellee.

SMITH, J.

This was a suit upon open account brought in justice's court by A. G. Startz against T. J. Balhorn in November, 1924. From a judgment taken five years later by Startz in the absence and without the knowledge of Balhorn, the latter took the case to the county court on writ of certiorari. In a trial in the county court Startz recovered, and Balhorn has appealed.

Startz operated a dairy and sold milk at wholesale to one Haby, who operated a milk route from his premises. Startz usually delivered this milk daily in fixed quantity and price, at Haby's place.

On March 14, 1924, Haby contracted to sell his milk route, business, and equipment to appellant, Balhorn; delivery to be made "about March 18, 1924." Haby advised Startz of this contract, that it would be effective on March 19, that Balhorn would take over the Haby business on that date, and assume Haby's contract with Startz, and directed Startz to continue deliveries at the Haby plant as usual. Startz made these deliveries daily from March 19 to April 10, inclusive, to a milk boy in charge, but has never been paid therefor. This suit was upon the account thus incurred. The jury found that the milk was delivered to appellant or his agent on the dates involved, and judgment was rendered accordingly.

It is contended by appellant that there was no evidence to support the jury finding, and that that finding was contrary to the conclusive evidence. We are obliged to sustain this contention.

It is conceded that appellee and appellant had no communications with each other concerning this transaction. Appellee relied solely upon the statement of Haby that appellant would take over Haby's contract with appellee, beginning on March 19. It is shown conclusively, however, that appellant did not take over the Haby business or take possession of the Haby premises, until April 11, on and from which date he paid appellee for all milk received from him. In the meantime an irresponsible and transient delivery boy received the milk at the Haby place, as he had done before for Haby. But it was conclusively shown that this boy had no authority to act for appellant, and did not act for him, and that appellant did not get the milk or receive any benefits from it. Only two witnesses, Haby and one Bowers, were in a position to testify to the true facts about the receipt and disposition of the milk, but neither of them was produced in court. The result is that appellee did not prove up his account as against appellant, who, on the other hand, disproved it so far as he was concerned.

Appellee presents a cross-assignment of error, in which he attacks the ruling of the county court in refusing to dismiss certiorari. It appears from the transcript from the justice's court, which may be considered in determining the motion to dismiss (Darby v. Davidson, 27 Tex. 432; McBurnett v. Lampkin, 45 Tex. Civ. App. 567, 101 S. W. 864), that this suit, on open account, was instituted against appellant in the justice's court, on No-

vember 10, 1924; that citation therein was served on appellant on November 27, 1925; that appellant filed "sworn denial" of the account sued on, on December 11, 1925; that the case was called for trial, finally, on April 23, 1929, when appellee appeared "in person and by his attorney," and appellant, "having filed an answer, but failed to appear"; that thereupon the court "after hearing the pleadings and the evidence finds that" appellee was entitled to recover the amount sued for, with interest, and judgment was rendered accordingly. It was alleged in appellant's application for certiorari that he employed "an attorney to represent him in said cause," and did in fact "appear in said justice's court for the trial of said cause on several occasions, when same was set," but that on such occasions the case was postponed, and that appellant "expected that his said attorney would notify him when said cause was called for trial again and that he was never notified that said cause was set for trial thereafter or that same would be tried on any particular date; that he depended upon his said attorney to attend to the matter for him and that he was not in any manner guilty of negligence in permitting said judgment to be taken without having the opportunity of presenting his defense. * * *" The effect of these allegations is that appellant pursued the usual course of a litigant, employing and depending upon counsel to direct, advise, defend, and protect him in the litigation; that the trial of the case was postponed from time to time over a period of five years, when it was finally called and tried in his absence and in the absence of his attorney, upon whom he depended, and without his knowledge. These facts warranted the finding that the outcome of the case in the justice's court was not "caused by (appellant's) own inexcusable neglect," for the negligence of his attorney is not imputable to the litigant in such case. Article 945, Rev. St. 1925; Lucas v. Harrison (Tex. Civ. App.) 139 S. W. 659; Frazier v. Coombs (Tex. Civ. App.) 236 S. W. 773; Poole v. Oil Ass'n (Tex. Civ. App.) 209 S. W. 706; Hill v. Pavelke (Tex. Civ. App.) 209 S. W. 709; Nelson v. Hart (Tex. Civ. App.) 23 S. W. 831.

As a defense to appellee's suit on open account, appellant filed a verified answer, alleging, in the language of the statute, that the account sued on was not just or true, in whole or in part, and in his application for certiorari appellant alleged in detail that he had not purchased either of the items of milk set out in the itemized account, that he did purchase milk from appellee at other times than those specified in the account, but fully paid appellee for all the milk so purchased from him, and that he "has never been and is not now indebted" to appellee "in any amount whatsoever." Appellee contends by cross-assignment of error that these allegations do not set up a good defense to the suit. We conclude, however, that the allegations are ample for such purpose. The whole application shows, if true, that appellant has a complete defense to appellee's suit and that through no inexcusable negligence of his own he was deprived of an opportunity to present that defense in the justice's court. Such showing entitled him to the writ of certiorari, as is held by the authorities previously cited herein. As appellant was prevented from attending the trial in the justice's court, he was excused from the requirement of setting up, in his application for certiorari, the evidence adduced upon that trial, of which he had no knowledge.

The judgment must be reversed, and the cause remanded.