## WARD v. McRIMMOND.

See this case for a petition for *certiorari*, which the Court seemed to think too vague, but which, there being no exception on that ground, was sustained.

In order to entitle a party to a *certiorari*, it is not necessary that he shall have made a motion for a new trial. (This was not a case of newly discovered evidence.)

It is error, while dismissing a petition for *certiorari* upon exceptions, to render judgment on the merits.

Error from Upshur. Petition for *certiorari*. The petition of William Ward, a citizen of Upshur Co., and State of Texas, respectfully shows to your Honor, that on or about April, A. D., 1851, one Cornelius McRimmond, a citizen of said county and State, holding himself out to the world as a mechanic and

wheelright, contracted with your petitioner to make a mill wheel for your petitioner for fifty dollars, which said wheel made by said McRimmond proved of no value to your petitioner, the workmanship of said wheel being so badly executed, that it failed to subserve the purpose for which your petitioner contracted for it, and for which your petitioner agreed to pay fifty dollars. Your petitioner further represents that notwithstanding the said wheel was executed in an unworkmanlike manner and proved of no value to your petitioner, the said McRimmond commenced suit against your petitioner for the said fifty dollars, before James Johnson, Justice of the Peace for said county, Precinct No. 4, Jan. 1853, and that judgment was rendered against your petitioner in said county, on the 26th of February, 1853, for the full fifty dollars, notwithstanding your petitioner received no benefit from said wheel, but was put to much trouble on account of same, in so much that your petitioner was compelled to throw away said wheel and employ another workman to make and substitute another in its stead.

Your petitioner, avering the foregoing facts to have been in proof in the said Justice's Court, conceives that great injustice has been done him by the rendition of said judgment against him by said Justice, and your petitioner believing that he has a good defence in said cause, prays for such remedial writ as shall seem just and save harmless your petitioner from such erroneous judgment, and directed to said Justice of the Peace, requiring him to send up to the next District Court to be holden in and for the county of Upshur, all the papers in said cause, together with a certified transcript of his acts and doings therein, and that he stay all proceedings in said cause until further directed by your Honor, and your petitioner further prays that said C. McRimmond be cited to appear at the next Term of the said Court, when and where he may implead, and your petitioner prays all further relief that he may be entitled to in law and equity, and as in duty bound will ever pray, &c.

Motion to dismiss.   And now at this Term of the Court, comes the defendant by his attorneys and moves the Court to dismiss the above entitled cause, because he says the petition does not show any cause of action, and manifestly wants both law and equity to sustain it, in this, first that petition does not show that a motion for a new trial was made before the Justice who tried the cause and who committed the wrongs and injuries, if any, complained of by the petitioner, and that said motion was unjustly and wrongfully overruled by said Justice to the damage of your petitioner.   And defendant further says that without such motion for a new trial and such erroneous ruling by said Justice, petitioner could not have exhausted all the means of redress for his wrongs, if any he had sustained, before said Justice's Court, as he is required by law to do.

The motion to dismiss was sustained, and judgment entered against the defendant Ward, and the sureties in the bond for *certiorari*, in the amount of the judgment before the Justice, $50, and ten per cent. damages, making fifty-five dollars and all costs of suit expended both in the Court below (Justice's Court) and this Court, for which execution may issue.

Defendant sued out a writ of error.

*J. S. Camp*, for plaintiff in error.   I.  The record in this case shows, that, the ground of dismissing the petition for writ of *certiorari*, was because the petition did not show upon its face, that an application had been made in the Justice's Court for a new trial.   All that this Court requires, is that the petition show sufficient " grounds for its issuance apparent upon its face;" and certainly a meritorious defence is ground sufficient, when sustained by affidavit, as in this case.

II.  But this judgment must be reversed upon a second ground.   In the case of Ahrens v. Giesecke, 9 Tex. R., it was decided that upon dismissing a petition for writ of *certiorari* by the District Court, that it was error to render judgment for the amount sued for; "all that could be done in such case would " have been to have awarded a *procedendo* to the Justice of " the Peace, to proceed to have his judgment executed."

*J. C. Everett*, for defendant in error. I. The Court did not err in sustaining the motion to dismiss the *certiorari*, for the reasons specified in the motion; for if either of the grounds mentioned in said motion was good, the cause ought for that to have been dismissed. The record does not show as set out in plaintiff's assignments of error, that it was dismissed upon the ground of a want of a motion for a new trial in the Court below.

II. The Court did not err in rendering judgment for ten per cent. damages, because the 1753rd Article (of the Justice's Court Act) in Hartley's Digest, on page 535, provides for such judgment, and makes it the duty of the Court, if the judgment of the Court below be affirmed, (which may be done by dismissing the *certiorari*,) to render judgment for the amount recovered below, with ten per cent. damages against all the obligors in the *certiorari* bond.

WHEELER, J. It appears by the averments of the petition for *certiorari*, that the defendant had a good defence to the action before the justice. There is perhaps less certainty, specialty and directness in setting forth the merits of the petitioner's case, than has generally been held essential, where the legal sufficiency of the petition in these respects has been brought in question by exceptions. And had the plaintiff excepted to the want of certainty in the averments of the petition, his exceptions, by the previous rulings of the Court, must have been sustained. But, by excepting to the petition for the want of equity, and because it did not aver that a new trial had been refused the defendant by the Justice, without objecting the want of sufficiency in the petition in other respects, the plaintiff must, we think, be held to have waived those objections. The only question, therefore, which requires further notice, is whether it was necessary to entitle the defendant to apply for a *certiorari*, that he should have first made his application for a new trial before the Justice. And we are of opinion that it was not.

Justices of the Peace are generally men unlearned in the law. And persons who litigate in their Courts are not supposed to have the advice and assistance of counsel. Were they required to apply for a new trial, it is scarcely to be supposed that, without legal advice, they would be enabled to bring their applications within the rules of the law applicable to that subject, though they might have sufficient legal grounds on which to base the application; or that the Justice would have a sufficient acquaintance with the subject to decide rightly upon the legal suffiiency of the application. And if the party making the application should fail to bring himself within the rules which would legally entitle him to a new trial, there would be quite as much reason in law to refuse his application for a *certiorari* on that ground, as there can be for refusing it because he did not make the application. Besides, it is not to be supposed that such application would in general be of any avail. If the Justice has decided, without the intervention of a jury, it is not likely that he will reconsider his judgment; and it would be but to ask him to decide again what he had already decided; except where the application might be founded upon matters arising subsequent to the trial, which would seldom be the case. And if there has been the intervention of a jury the propriety of whose verdict is in question, it is not to be supposed that the Justice would be more competent than they to decide whether their finding was in accordance with law and the evidence. Indeed the doctrines respecting the granting of new trials can scarcely be said to have any proper application to trials before a Justice of the Peace. Practically, in the nature of the case, they can have none. It would be idle to require or expect their observance. And to require the application to be made, before entertaining a petition for a *certiorari*, would be to protract the litigation before the Justice to no purpose; and would impose on parties litigant unnecessary burdens, in order to obtain a redress of the grievance, and a serious one it may sometimes be felt to be, of an unjust or illegal judgment rendered by a Justice

Ward v. McRimmond.

of the Peace. If a party must apply to the District Court for relief from such a judgment, and is under the necessity of obtaining legal advice for that purpose, it will be, in general, less expensive and more convenient to apply to that Court in the first instance, without the necessity of a formal application to the Justice for the interposition of the equitable power of granting relief by awarding a new trial; which, if he possesses, he can scarcely be supposed to have the requisite legal knowledge to know how rightfully and legally to exercise.

We conclude that it was not necessary for the defendant to have applied for a new trial before the Justice, and, of course, that the petition was not insufficient in the respect indicated by the exception.

We are of opinion also that the Court erred in giving judgment against the petitioner and his sureties for the amount of the judgment of the Justice, after having dismissed the petitioner's case, without having given him a hearing on the merits.

The judgment is therefore reversed and the case remanded for further proceedings.

Reversed and remanded.