WILLIAM E. DOTY v. ARTHUR S. MOORE.

The confessions of a slave are not evidence in a suit against the master, on a contract of hiring, for injury caused by the wrongful act of the slave.

Where service is by publication, judgment by default does not dispense with proof of the material facts alleged in the petition.

Where service has been made by publication, and the trial *ex parte,* it is error if there be no affidavit that the defendant is a non-resident, or absent from the State, or a transient person, or that his residence is unknown.

That the statute allows the defendant, where service has been by publication and the trial *ex parte,* two years to file a petition for review, does not prevent the defendant from prosecuting a writ of error to such *ex parte* judgment.

Doty v. Moore.

Error from Panola.　Tried before the Hon. W. W. Morris.

*D. Field* and *F. Bowdon*, for plaintiff in error.

LIPSCOMB, J.　This suit was brought by the defendant in error against the plaintiff in error, to recover damages against the plaintiff in error, for falsely and fraudulently representing a negro, hired by the said plaintiff in error, to him the said defendant in error, to be a first rate striker in a smith shop, and a pretty fair smith, and honest and of good character ; which representations were all false, and well known to the plaintiff in error to be false ; that he was in truth no workmen, as a smith, and of bad character ; that he had burned the fence of the defendant in error, and had burned the smith shop of him, the defendant in error, and committed other trespasses, and was a runaway, &c., to the great damage of the said defendant in error, the plaintiff in the Court below.　There was a judgment by default, and a writ of enquiry executed, and large damages assessed in favor of the defendant in error, and judgment awarded in his favor thereon.　To reverse which a writ of error was sued out.　The service was by publication, and the trial *ex parte ;* and in accordance with Art. 782, Hart. Dig., a statement of the facts, made by the Judge, is embodied in the record.

In referring to the facts, it is manifest that illegal and incompetent evidence was received, as the basis of the liability of the defendant below.　It was the confession of the slave that he had committed the trespasses and outrages complained of.　By reference to Art. 723, Hart. Dig., it will be seen that negro testimony is inadmissible, in all cases, except for and against each other.

Again ; the statement of facts does not show the slightest proof that the plaintiff in error had made the representations charged by the plaintiff in the Court below, in his petition, to have been made by him.

Again the record does not show that the petition was sworn to, nor the affidavit required by the statute was made. (See Art. 813, Hart. Dig.)

On the grounds recited the judgment must be reversed.—There is nothing in the statute, allowing a defendant in such cases two years to file his petition in the District Court to review a judgment against him under such circumstances, to prevent his resorting to a writ of error to reverse the judgment. This writ is a writ of right, and the remedy by a review, or a re-hearing, is only a cumulative right. The judgment must be reversed and remanded.

Reversed and remanded.