Thomas B. Hearn v. E. J. Foster.

In determining the sufficiency of a petition for a *certiorari* to remove a cause from a Justice's Court to the District Court, on the motion to dismiss, it is not proper to regard the facts as stated by the Justice in his transcript, in opposition to those set forth and sworn to in the petition for the *certiorari*.

Money deposited with a bailee to be paid to a third party for a valuable consideration, upon a contingency, of which the third party had notice from the bailor and bailee, and to which he assents, on the happening of the event upon which the money was to be paid to him, his right to the money becomes absolute, and it is not subject to garnishment in the hands of the baillee at the suit of a creditor of the bailor.

Error from Lamar. Tried below before the Hon. Wm. J. Todd.

Petition for *certiorari* to Justice's Court dismissed on motion, in which the following causes were assigned : because the petition does not disclose any error committed in the Court below ; the facts set forth does not entitle the petitioner to the relief prayed for, and for want of equity.

The petition set forth the following facts :   An attachment was sued out of the Justice's Court by the defendant in error against Robinson & Co..   Robinson & Co. placed in the hands of the plaintiff in error thirty dollars, with instructions. that if the attachment was sustained he was to hold the money subject to the attachment, but if it was quashed, he should pay over the money to one John T. Mills, Esq., an attorney whom they had employed in their defence, as compensation for his services. Robinson & Co. and the plaintiff informed Mills of the deposit of the money and the instructions in relation to it.   Mills succeeded in quashing the attachment and demanded the money ; after which the defendant in error sued out a writ of garnishment against the plaintiff in error, who answered the facts, whereupon the Justice gave judgment against. him.   The transcript of the judgment of the Justice recited the answer of the plaintiff in error as garnishee, and contained some facts not contained in the petition for *certiorari*.

*Mills & Mills,* for plaintiff in error.

*Dillahunty & Wright,* for defendant in error.

ROBERTS, J.   In determining the sufficiency of the petition,. it is not proper to regard the facts as stated by the Justice in his transcript, in opposition to those set forth and sworn to in the petition for *certiorari*.

The question is did the right to the money deposited by the agent of Robinson & Co. in the hands of Hearn, accrue to

and vest in John T. Mills before the writ of garnishment was served on Hearn ? Mills' right to the money by the original terms of the deposit was made to depend upon the attachment against Robinson & Co. being quashed ; which contingency had happened, and immediately after which and before the garnishment was served, Mills had demanded the money from Hearn. The consideration of this bailment was the service to be performed by Mills as an attorney in the attachment suit. The general rule is that if one has deposited money in the hands of a bailee to be delivered to a third person, he may countermand the order at any time before the delivery to the third person or his assent thereto.

" But after the third person has assented thereto, the bailment is not countermandable, if there is a valuable consideration for the bailment." (Story on Agency, Sections 465 and 477.)

Mills having quashed the attachment, and demanded the money, his right to it attached in the hands of the bailee, and it was not subject to the garnishment. This ruling is of course predicated on the absence of any allegation that the contingent transfer of the money to Mills was in fraud of creditors.

We are of opinion, therefore, that the Court erred in dismissing the petition. Judgment reversed and cause remanded.

Reversed and remanded.