EMILE RICHERS v. CHARLES HELMCAMP.

(No. 327, Tex. L. J., vol. 1, p. 241.)

APPEAL from Fayette County. Opinion by ECTOR, P. J.

§ 682. *Alteration of a note; qualified plea of non est factum; burden of proof.* It was not necessary for the plaintiff to allege in his petition for *certiorari* that the notes sued on were not altered by him, because the qualified plea of *non est factum* admits that defendant executed the notes; and hence the burden of proving their alteration, if they were altered, rests on the defendant. If the petition had shown that the defendant had filed an

ordinary plea of *non est factum*, in which he denied under oath the execution of the two notes, then it would not have been necessary for him to have stated that they were not altered by him. When a defendant in a suit on a note, bond, or other instrument of writing alleged to have been executed by him, denies its execution under oath, in this, that he avers a material alteration after the execution of the same without his consent, such qualified plea does not put in issue the signing of the instrument, nor throw the burden of disproving the alteration on the plaintiff, but it lies with the defendant to prove the alteration.

When a regular plea of *non est factum* is filed by a defendant, denying the execution of the bond or note, then the instrument sued on cannot be read in evidence until the signature of the defendant to it has been proved; but where the signature of the defendant has been admitted in the plea, it may be read in evidence without proof of its execution, and then the defendant may offer evidence to prove that it has been materially altered, to his prejudice, since its execution, if he desires to do so. [Wells v. Moore, 15 Tex. 521; Dryer v. Rhode, decided by this court at the present term.]

§ **683.** *Certiorari; sufficiency of petition for, not to be tested by justice's transcript.* In determining the sufficiency of the petition, it is not proper to regard the facts as stated by the justice in his transcript in opposition to those set forth and sworn to in the petition for *certiorari*. In this case there is some discrepancy between the transcript of the justice and the petition. The justice's transcript simply states that "defendant's counsel filed a plea of *non est factum*," and we find no such plea copied into the record. On a motion to quash the petition for *certiorari* and dismiss the cause, the allegations in the petition must be taken as true for the purposes of the motion. [Hearne v. Foster, 21 Tex. 401.] The court erred in dismissing the petition.

March 2, 1878.            Reversed and remanded.