## H. VON KOEHRING V. ANTON SCHNEIDER.

Decided November 28, 1900.

1. **Certiorari from Justice Court to County Court—Motion to Quash—Evidence Not Admissible.**

Upon motion to quash the petition in the county court for a certiorari to the justice court and to dismiss the cause, the allegations of the petition are to be taken as true, and oral evidence and affidavits are not admissible to contradict them.

2. **Same—Petition for Certiorari Sufficient.**

Where the petition for certiorari alleged that judgment was rendered in the justice court against plaintiff in an action by him for the value of medical services because he did not have on record a certificate from the board of medical examiners, though he had a diploma from a recognized medical college duly recorded, it showed that a material and vital error occurred on the trial, and it was error to quash the certiorari and dismiss the cause.

3. **Same—Appeal.**

It is not necessary that the petition for certiorari to the justice court should show any reason why the applicant had not taken an appeal.

APPEAL from the County Court of Guadalupe. Tried below before Hon. F. C. WEINERT.

*W. R. Neal* and *Adolph Seidemann,* for appellant.

*Dibrell & Mosheim,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This action originated in the Justice Court by the appellant suing appellee to recover $115.50, the alleged value of medical services rendered the latter by the former as a practicing physician. The defendant plead: (1) a general denial; (2) that if the services were rendered, plaintiff could not recover, because he had not complied with the law of the State regulating the practice of medicine; (3) payment; and (4) a plea in reconvention for damages caused by malpractice. The trial in the Justice Court having resulted in a judgment in favor of defendant, plaintiff applied for and brought the case to the County Court by a writ of certiorari. There a motion of appellee to dismiss the certiorari proceedings was sustained.

Appellant alleged in his petition for the writ of certiorari, that the substance of the testimony in the Justice Court in regard to the justness of the debt sued for was that after suit was instituted the appellee admitted the debt was just and promised to pay the same; that on the trial appellee declared he had paid the debt, and produced in evidence a forged receipt of a later date than the time the last service was rendered, which receipt seemed to be for $16.50. That there was not within his knowledge any other evidence on this point. He further alleged it was testified that appellant did not have recorded a certificate from the medical board of examiners as the law required; but had on record only his diploma from Berlin Medical College. That by reason of said receipt and the failure of appellant to place on record his certificate

from the Texas Board of Medical Examiners, the justice of the peace rendered judgment against him. That injustice was done him on the trial by the justice of the peace, he holding that as appellant had not on record a certificate from an authorized board of medical examiners, he could not recover, although appellant had filed and recorded a diploma from an accredited medical college duly chartered.

The grounds of the motion to dismiss are (1) that the case was not decided against appellant upon the ground that he could not recover for services rendered as a physician because he had not upon record a certificate authorizing him to practice his profession, but upon the ground that appellee had paid the debt sued for; and (2) that appellant had an opportunity to appeal from the judgment of the justice of the peace, and failed to do so, and has shown no reason why he did not. Affidavits and oral testimony were received, heard, and considered by the County Court upon the first ground of the motion.

Upon motion to quash the petition for certiorari, and dismiss the cause, the allegations in the petition must be taken to be true for the purpose of the motion (Richers v. Helmcamp, 1 W. & W. Con. Cases., sec. 683; Hearn v. Foster, 21 Texas, 401), and affidavits nor other evidence are admissible to contradict the allegations. O'Brien v. Dunn, 5 Texas, 575; O'Docherty v. McGloin, 25 Texas, 72.

Looking alone to the petition for the writ, and taking its allegations as true, it is shown (1) that appellant was a physician, having a diploma from a recognized medical school duly recorded; that medical services were rendered by him to appellee, which the latter admitted before the trial were just and unpaid; that on the trial the plea of payment was supported by a forged receipt; and that judgment was rendered against appellant by the justice of the peace upon the ground that he was not entitled to recover because he did not have a certificate entitling him to practice medicine.

It is not necessary, in every case, to set out the entire testimony on the trial in the justice court, in order to obtain a writ of certiorari. But the petition must either state all the evidence, or show that a material and vital error occurred in the proceedings, or that he has been unable to avail himself of a legitimate prosecution or defense, by no fault or neglect of his own. One or all of these causes must be set forth, not by a general allegation of the wrong, but with sufficient detail, to show prima facie case entitling the petitioner to another hearing. Nelson v. Hart, 23 S. W. Rep., 832.

If, as alleged, judgment was rendered against appellant in the Justice Court upon the ground that he did not have on record a certificate from the Board of Medical Examiners, though he had a diploma from a recognized medical school, the petition "shows that a material and vital error occurred in the proceedings." Wilson v. Vick, 93 Texas, 88; Carleton v. Sloan, 55 S. W. Rep., 753. If the petition recites, as it alleges, all the evidence on the issue of payment, an error equally material and vital is shown if the justice determined the case in favor of appellee on that issue.

It is well settled that the petition need not show any reason for not appealing. Moore v. Hardison, 10 Texas, 470; Ray v. Parsons, 14 Texas, 371; Poag v. Rowe, 16 Texas, 591; Hail v. Magale, 1 W. & W. Con. Cases, sec. 852; Quinn v. Elam, Id., sec. 1108.

Because the court erred in sustaining appellee's motion, its judgment is reversed and the cause remanded.

*Reversed and remanded.*