## COLEMAN v. HAPPEL.  (No. 2118.)

Court of Civil Appeals of Texas. El Paso.
Feb. 23, 1928.

Rehearing Denied March 15, 1928.

1. **Justices of the peace ⨺202(2)—Allegations of application for certiorari to justice court held insufficient to justify garnishee's failure to file answer (Rev. St. 1925, arts. 944, 945).**

Under Rev. St. 1925, arts. 944, 945, relating to certiorari to justice of the peace, application by garnishee for certiorari, alleging he was not liable to defendant, that defendant assured him of protection, and that he informed plaintiff's attorney he was not indebted to defendant, *held* insufficient to justify failure to file answer in garnishment proceeding, so as to entitle garnishee to certiorari as against motion to dismiss writ.

2. **Justices of the peace ⨺206(1)—Allegations in application for certiorari to justice of peace must be taken as true on motion to dismiss writ.**

On motion to dismiss certiorari to justice of peace, allegations in application for writ must be taken as true.

3. **Garnishment ⨺178—Garnishee's belief that, because he did not owe defendant money, he would not be liable, held not to justify relief by certiorari against judgment, where he did not file answer.**

In view of Rev. St. 1925, art. 4087, authorizing court, on garnishee's failure to answer, to render judgment by default against him after judgment is rendered against defendant, fact that garnishee believed he would not be held accountable because he was not liable to defendant in any sum does not entitle him to relief against judgment by certiorari, in view of fact that he did not file answer in garnishment proceeding.

4. **Garnishment ⨺178—Garnishee, relying on defendant's assurance of protection, and not answering, may not have relief against judgment by certiorari because defendant is insolvent.**

In view of Rev. St. 1925, art. 4087, authorizing default judgment against garnishee after judgment is rendered against defendant, fact that garnishee relied on assurance of defendant that defendant would protect him, and did not file answer, does not authorize relief by certiorari against judgment on theory that defendant is notoriously insolvent, preventing garnishee from having his day in court.

Appeal from Howard County Court; H. R. Debenport, Judge.

Action by L. E. Coleman against J. L. Burns, brought before a justice of the peace, in which E. H. Happel was garnished. Judgment for plaintiff against defendant Burns and garnishee Happel, and the garnishee brought certiorari. From a judgment of the county court for the garnishee, plaintiff appeals. Reversed, with instructions.

J. D. Cunningham, of Big Spring, for appellant.

Morrison & Morrison, of Big Spring, for appellee.

PELPHREY, C. J. A suit was brought by appellant in the justice court of precinct No. 1, of Howard county, Tex., against J. L. Burns, for the sum of $109.35, and at the same time sued out a writ of garnishment against appellee.

On June 30, 1927, appellant recovered judgment against Burns for the full amount of his claim, and, no answer having been filed by appellee, the court rendered judgment against him for the full amount of the judgment against Burns.

On July 19, 1927, appellee filed his application for a writ of certiorari in the county court of Howard county.

Upon said application, the writ was granted, and, upon a trial in the county court, a judgment was rendered that appellant take nothing in his suit against appellee, except the costs, amounting to $5.35, which appellee in his application for certiorari had offered to pay.

From the judgment so rendered, Coleman has appealed to this court.

### Opinion.

[1] Appellant, at the first term of the county court, after the granting of the writ, filed his motion to have it dismissed. This motion was overruled by the court, and appellant assigns error to the court's action in so doing.

The application for the writ reads:

"E. H. Happel, who resides in Howard county, Tex., complains of L. E. Coleman, also a resident of said Howard county, and for cause of action says:

"(1) On or about 17th day of May, 1927, said defendant filed before M. W. Harwell, justice of the peace of said county for precinct No. 1 a suit against J. L. Burns, claiming an indebtedness of $109.35, and at the same time sued out a writ of garnishment against this plaintiff, the suit against Burns No. 3591, the garnishment proceeding thereafter carrying No. 3592 in said justice court.

"On June 30 the said L. E. Coleman recovered judgment in his said suit against J. L. Burns for the amount claimed, $109.35, and for costs of suit, and on same day recovered against this plaintiff, as garnishee in the said suit, judgment for the same amount, together with costs in the garnishment proceeding, and also costs that were incurred in the main suit, the costs so adjudged being $5.35.

"(2) On the 11th day of July, the said M. W. Harwell, justice of the peace, issued against your petitioner an execution upon said judgment, and threatens to place the same in the hands of Frank House, sheriff of Howard county, Tex., and said sheriff will levy the same upon this plaintiff's property.

"(3) Your petitioner represents that, while he was served with writ of garnishment in said cause, he did not answer same, for the reason that he was not, at the time it was served upon him, indebted to said defendant J. L. Burns

in any sum whatsoever, and had not then any effects in his hands belonging to said Burns, and has not at any time since been indebted to said Burns, or had effects in his hands belonging to him; did not, when the garnishment was served on him, and has not since at any time, known of any person indebted to or having effects of said Burns in possession.

"(4) He informed Judge J. D. Cunningham, attorney for said Coleman, he was not indebted to said Burns nor obligated to him in any way. Said attorney and Burns knew that to be a fact, and Burns assured petitioner he would protect him against garnishment, and that he need not answer nor appear for trial.

"(5) Petitioner, believing that, because he was not liable to Burns in any sum, he could not and would not be held for accounting to Coleman, and on Burns' assurance he would protect him against the garnishment, and without petitioner's answering or appearing, petitioner did not answer nor appear, and, after hearing that the suit against Burns had been postponed or continued, and later had been postponed again, he had no further information concerning the suit or proceeding till M. W. Harwell, justice of the peace, brought to him execution for the amount of judgment and costs rendered against petitioner in the garnishment case, more than ten days after the judgment was rendered.

"(6) Petitioner avers that it will be unjust and inequitable to compel him to pay the amount so adjudged against him or any part thereof other than costs, for the judgment as rendered comprehends the accomplishment of a collection of debt by and from funds belonging to Burns, and not the accomplishment of collection of funds on which Burns has no claim.

"It is not equitable for Coleman to receive and appropriate funds he has no claim upon in truth or in fact and to the hurt and loss of petitioner.

"Petitioner declares that, if compelled to pay said sum, he will lose same entirely, having no recourse upon Burns that can be or become effective in recovering any sum, for he declares that Burns is notoriously insolvent, and that no recovery can be accomplished against him in any manner.

"(7) Petitioner believes it will be inequitable for said Coleman to pay or lose the amount of costs incurred in the suit against Burns in the garnishment proceeding, $5.35, and that the performing of full equity by petitioner will be met through his paying said costs, and he here proffers to do that equity.

"Wherefore, your petitioner prays for writ of certiorari commanding that said M. W. Harwell, justice of the peace, transmit to the county court of Howard county at the next term thereof a certified copy of the entries made upon his docket, together with the original papers in said cause, and that all further proceedings under said judgment and execution be suspended and stayed until the further order of this court.

"That the defendant be cited to answer this petition; that said judgment be set aside, and a new trial be granted in this court, and for such other and further relief, special and general; in law and in equity that he may be justly entitled to and for costs of suit."

Appellant contends that his motion to dismiss the writ should have been granted, because the application did not conform to the requirements of the statute relating to writs of certiorari.

Article 944, relative to applications for certiorari from the justice's court, provides:

"The writ shall not be granted unless the applicant or some person for him having knowledge of the facts, shall make affidavit setting forth sufficient cause to entitle him thereto."

Article 945 reads:

"To constitute a sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect."

Does the application above comply with the requirements of these statutes? We think not. Appellee was advised by the writ of garnishment that appellant was suing Burns for an amount due for work and labor done on the house of appellee, and he was summoned to appear and answer under oath what, if any, amount he was indebted to Burns, etc.

[2] The allegations in the application for the writ must be taken as true (Van Koehring v. Schneider, 24 Tex. Civ. App. 469, 60 S. W. 277), and therefore it appears from the recitals in the application that an injustice was done to applicant in rendering judgment against him for the debt of another when he was neither indebted to nor had effects of the other in his possession with which to satisfy said judgment.

The statute, however, provides that the application must show that the injustice was not caused by the inexcusable neglect of the applicant. Appellee sets forth the fact that he was not liable to Burns in any sum, and Burns' assurance of protection against the garnishment as the reasons why he did not appear and answer in garnishment proceeding.

It is true that he also alleges that he informed appellant's attorney that he was not indebted to Burns, and that both the attorney and Burns knew that to be a fact. He, however, gives the court no fact which tends to show any knowledge on the part of appellant's attorney as to the financial relations between him and Burns.

In our opinion, the allegations of the application are insufficient to show any reason justifying appellee for failing to file an answer in the garnishment, and, if any injustice was done him, it was brought about by his own neglect.

[3] He was not justified in believing that he would not be held accountable to appellant merely because he was not liable to Burns in any sum, for our statutes provide that, in cases where a garnishee fails to file an answer to writ of garnishment, as required by law, it shall be lawful for the

court, at any time after 'judgment shall have been rendered against the defendant, to render judgment by default against the garnishee for the full amount of the judgment against the defendant, with interest and costs in the main case as well as in the garnishment proceeding. Article 4087, Revised Statutes 1925.

[4] And, if he says he relied upon the assurance of Burns that he would protect him against the garnishment, he certainly cannot be heard to say now that Burns is notoriously insolvent, and for that reason he should have the day in court which he neglected to claim in the justice's court.

The judgment of the county court is reversed, with instructions to enter an order dismissing the certiorari and to direct the justice of the peace to proceed with the execution of his judgment.

Reversed, with instructions.