WOODLEY et al. v. GULF, C. & S. F. RY. CO.
(No. 838.)

Court of Civil Appeals of Texas. Waco.
Sept. 19, 1929.

Rehearing Denied Oct. 24, 1929.

T. R. Mears, of Gatesville, for appellants.

McClellan & Cross, of Gatesville, for appellee.

STANFORD, J. Appellant sued appellee in the justice's court, precinct No. 1, Coryell county, for $141 damages to a shipment of cattle shipped over appellee's road from Leon county to appellant at Copperas Cove, Tex. Citation was duly issued, and served upon appellee, defendant therein. The case was set for trial September 24, 1928. On said date appellant, plaintiff therein, appeared in person and by attorney and announced ready for trial. Hon. R. B. Cross appeared as amicus curiæ, and suggested to the court that the citation was defective in several particulars, and had the court to note that his appearance was merely as a friend to the court and not as attorney for the railway company, and that there was no appearance or answer for the railway company. The court overruled said suggestion made of defects in the citation. A jury having been waived, the case was tried before the court and judgment rendered for O. E. Woodley, plaintiff therein, against the Gulf, Colorado & Santa Fé Railway Company, defendant therein, for $141, and all costs. No motion for new trial was filed, and no effort to appeal made, but on October 6, 1928, an application was presented by the Gulf, Colorado & Santa Fé Railway Company to Hon. Joe H. Eidson, judge of the district court, to enjoin J. B. Taylor, the justice of the peace of said precinct, and Edwin M. Elms, the constable therein, from the issuance and levy of any process to collect said judgment. O. E. Woodley intervened and made himself a party defendant. The court granted a temporary writ of injunction restraining the enforcement of said justice's court judgment, which on final hearing was made permanent, and from which judgment appellants have appealed and present the record here upon four assignments of error.

Appellant's fourth assignment is in part and in substance that the court erred in failing to dissolve the temporary injunction and in making the temporary injunction permanent, in that, as the appellee, Gulf, Colorado & Santa Fé Railway Company, knew of the rendition of the judgment against it in ample time to have appealed the cause to the county court of Coryell county by certiorari, and, having failed to do so, was not entitled to the temporary writ of injunction, nor to have same perpetuated. The citation issued in the justice's court was irregular, in that it commanded the officer to summon the Gulf, Colorado & Santa Fé "Railroad" Company, while appellant's pleading in said court alleged his cause of action against the Gulf, Colorado & Santa Fé "Railway" Company. The return of the officer is in due form; however, it shows he followed the directions contained in the

citation by serving same on the Gulf, Colorado & Santa Fé "R. R." Company. Said citation was further defective, in that it commands the officer to summon the Gulf, Colorado and Santa Fé Rail Road Company to appear, etc., to answer the suit of O. E. Woodley, plaintiff, against ———, defendant, etc. We think the citation, by reason of the above defects, was insufficient to support a judgment by default. However, we do not think it necessary for us to, and we do not, decide whether the judgment rendered therein was void or only voidable.

Appellant contends that, after appellee acquired knowledge of the rendition of the judgment against it in the justice's court, it had ample time within which to remove the cause to the county court for trial de novo, where the injustice, if any, done it could have been fully, adequately, and completely remedied. As before stated, the justice court judgment was rendered on September 24, 1928, of which fact appellee had knowledge on October 6, 1928, if not before, for on said last-named date appellee presented its petition for, and procured the issuance of the temporary injunction, so on the date appellee filed said petition it still had 79 days left within which to appeal by writ of certiorari. An appeal from the justice's court to the county court can be prosecuted by certiorari at any time within 90 days after the date of the judgment rendered. Articles 941–946, Revised Statutes 1925. Certiorari is one of the methods provided by law for the removal of a cause from the justice's court to the county court (or district court, as the case may be) for trial de novo. Appeal and certiorari are cumulative remedies, and, in order to obtain the benefit of the latter, it is not necessary to assign any excuse for not taking an appeal. Lucas v. Harrison (Tex. Civ. App.) 139 S. W. 659, and cases cited. Appellee alleged that it had no legal remedy, but this was only a conclusion of the pleader. The facts alleged showed conclusively appellee did have a legal remedy. The rule of law is well established in this state that, if a party has a remedy by appeal or certiorari in order to vacate a justice court judgment, such party cannot resort to the equitable proceeding of injunction, and this is true regardless of whether such justice court judgment is absolutely void or only voidable. G. H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Texas-Mexican Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 614, 31 L. R. A. 200; A. B. Richards Medicine Co. v. Johnson (Tex. Civ. App.) 267 S. W. 1067 (writ refused); A. B. Richards Medicine Co. v. Dale (Tex. Civ. App.) 294 S. W. 345; Hernandez v. Alamo Motor Co. et al. (Tex. Civ. App.) 299 S. W. 272; Svoboda et al. v. Alexander (Tex. Com. App.) 3 S.W.(2d) 423; R. O. Colson Co. v. Powell (Tex. Civ. App.) 13 S.W.(2d) 405. The facts alleged by appellee in its petition for injunction showed affirmatively it was not entitled to the equitable relief sought.

The judgment of the trial court is reversed, and judgment here rendered in favor of appellants against appellee, dissolving the injunction, and for all costs incurred in this court and the court below.

Reversed and rendered.