## LANNING v. YARBROUGH.

### No. 796.

Court of Civil Appeals of Texas. Eastland. Jan. 30, 1931.

R. L. Thompson, of Stephenville, for appellant.

Ernest Belcher, of Stephenville, for appellee.

FUNDERBURK, J.

From an order sustaining a motion in the county court to dismiss an application for certiorari to review a judgment of the justice court, the applicant, J. H. Lanning, has appealed. R. E. Yarbrough had recovered judgment by default for $168 in the justice court against said Lanning on August 13, 1929. The application for certiorari, filed October 9, 1929, in substance recited the rendition of said judgment; that applicant resided approximately 150 miles from the justice court; that, when notified that the case was set for trial on August 13, 1929, he "was sick and wholly unable to attend court and unable to leave his room from and prior to the 9th day of August up to the 15th day of August, and that it was a physical impossibility for him to have attended said court during said time, and that plaintiff (Yarbrough) was informed of his said condition on and prior to the day that said judgment was purported to have been taken." The application further stat-

ed: "Your petitioner further says that he has a meritorious defense to the suit and judgment in this. That plaintiff Yarbrough bases his claim and judgment against your petitioner for damages sustained in a collision of cars while being operated in the public highway. *Petitioner denies that he was responsible for said collision and denies that it was caused by his fault or any act upon his part, but that (it) was caused by the direct carelessness of the plaintiff Yarbrough* that your petitioner sustained damages in said collision for which said Yarbrough is liable to him; that said Yarbrough never claimed damages against your petitioner for more than the sum of $70.00 before filing said suit and offered to settle all his damages for said sum of $70.00. *That the additional amount sued for over and above said amount is wholly and totally without any basis as a claim against your petitioner, and that said Yarbrough did not in said trial in the justice court, nor cannot, on hearing hereof, make any proof whatsoever to any claim over and beyond the sum of $70.00, and to which claim of $70.00 your petitioner has his defense that it was the fault of said Yarborough and not your petitioner that said damages resulted.*" (Italics ours.) It was alleged that applicant's attorney wrote plaintiff's attorney before the day the case was set for trial that "it was impossible for said Lanning *or his said attorney Flack to be present on the 13th on account of sickness.*" (Italics ours.) By reason of the foregoing and other matters, it was alleged "that said judgment is in fact and in law null and void; that an injustice has been done petitioner, and that he is entitled to relief therefrom as herein prayed for. * * *"

There were other allegations—one to the effect that execution issued on the judgment the same day judgment was rendered; another detailing facts apparently designed to excuse the applicant from failure to prosecute an appeal.

Appellee seeks to sustain the action of the court in dismissing the certiorari proceedings upon two grounds: (1) That the affidavit was insufficient; (2) that the application for certiorari, considered in connection with the transcript of the proceedings in justice court, failed to show that the writ was properly issued, in that same failed to show the facts constituting sufficient cause to entitle the applicant to the writ.

With reference to the affidavit, the statutes provide that the writ shall not be granted, "unless the applicant or some person for him having knowledge of the facts, shall make affidavit setting forth sufficient cause to entitle him thereto." R. S. 1925, art. 944. The phrase "having knowledge of the facts" applies to "some person for him," and not to "the applicant." The result is

that a criticism that might properly be directed to an affidavit made by some one other than the applicant that same failed to state the affiant was one "having knowledge of the facts" would not apply to an affidavit made by the applicant himself. It will be presumed, unless the contrary is shown by recitations in the affidavit itself, or the allegations sworn to, that the applicant has knowledge of the facts.

Appellee argues that the allegations sworn to show that appellant did not have knowledge of all the facts, because he could not have had, consistently with other allegations. Specifically, the contention is that, if it were true, as alleged, that appellant was at home sick, he could not have had knowledge of what transpired 150 miles away between his attorney and the justice of the peace. There are at least two good reasons why we cannot hold the affidavit insufficient solely because of such inference. One is that the particular facts involved were immaterial. The application would have been just as good without them. A part of the facts were designed only to excuse appellant from having failed to appeal. No such showing was necessary. Appellant's right to have the judgment reviewed by certiorari was not dependent upon a showing of why he did not appeal. Woodley v. G., C. & S. F. Ry. Co. (Tex. Civ. App.) 20 S.W.(2d) 842; Lucas v. Harrison (Tex. Civ. App.) 139 S. W. 659; Von Koehring v. Schneider, 24 Tex. Civ. App. 469, 60 S. W. 277.

Other facts related to the allegation that execution was issued the same day as the judgment was rendered. That was immaterial because it constituted no ground for certiorari. That fact would not involve any question of the correctness of the judgment, but only a premature issuance of execution as to which certiorari would not be a remedy.

Another reason why the affidavit cannot, as a matter of law, be held insufficient on the theory that, by necessary inference, appellant had no knowledge of the facts alleged, is that knowledge of facts such as would authorize appellant to make an affidavit is not necessarily restricted to such as is based alone upon the evidences of his own senses, such as sight or hearing. Suppose, before making the affidavit, appellant had had the confirmation of the justice of the peace as to the alleged transaction with him. Could it be said that appellant could not verify the facts in question by his affidavit? We do not think so. In Seeligson v. Wilson, 58 Tex. 369, the Supreme Court, in considering the sufficiency of an affidavit upon a motion to dismiss an application for certiorari, said: "The practice has been to construe these proceedings liberally, and not to require the same strictness which is required in the pro-

ceedings in the ordinary suits in the district court." In that case the affidavit said "that all the material allegations of the above and foregoing petition are true so far as stated upon my own knowledge, *and so far as stated upon the information of others are believed to be true*." (Italics ours.) Whether or not subsequent decisions may have modified that holding, we need not take the time to inquire. The case is cited for the purpose of showing that no principle is involved calling for application of the rule of strict construction.

■ In this connection, it is also contended by appellee that the allegation that execution was issued on the same day that judgment was rendered was shown by the transcript of the proceedings in the justice court not to be true, and that therefore appellant could not have had knowledge of such facts; it not being presumed that he intended to swear falsely. To this it is a sufficient answer to say, in addition to the fact that it was immaterial, that the allegation in the application controls. "In determining the sufficiency of a petition, for certiorari to a justice court on a motion to dismiss, it is not proper to regard the facts stated by the justice in his transcript in opposition to those set out and sworn to in the petition." Hearn v. Foster, 21 Tex. 401; Richers v. Helmcamp, 1 White & W. Civ. Cas. Ct. App. § 683.

■ It remains to consider if the action of the trial court is sustainable on the second ground. It was necessary for the application to state "the facts" to show that "injustice was done to the applicant by final determination of the suit * * * and that such injustice was not caused by his own inexcusable neglect." R. S. 1925, art. 945. If any injustice was done to appellant, undoubtedly sufficient facts were alleged to show that same was not the result of his own inexcusable neglect. According to the foregoing statement, he was 150 miles from court, sick in bed, and physically unable to attend the trial. This was sufficient to acquit him of negligence. Cordes v. Kauffman, 29 Tex. 180; Nelson v. Hart (Tex. Civ. App.) 23 S. W. 831.

■ Were facts alleged sufficient to show that injustice was done to appellant by the judgment? The question must be answered in the light of the fact that appellant excused his absence from the trial. The application alleged, substantially and in effect, that the collision occurred and appellee's injuries resulted (a) from no fault or act on the part of appellant; (b) but same was caused by the direct carelessness of the plaintiff; (c) that, as to the excess over $70 of the judgment, "said Yarbrough did not in said trial in the justice court, nor cannot,

on hearing hereof, make any proof whatsoever to any claim over and beyond the sum of $70.00"; and that (d) as to the $70 of the judgment, "petitioner has his said defense that it was the fault of said Yarbrough and not your petitioner that said damages resulted." In other words, the application, in substance and effect, alleged that as to the excess over $70 of the judgment there was no evidence or proof to support a recovery, and that plaintiff's injuries were caused directly from his own carelessness. This we regard as a sufficient statement of two good defenses of which appellant was deprived by his sickness, and, if so, certainly resulting in injustice being done him. As to the one defense, no fact could be alleged other than that no proof or evidence was or could be produced to support the claim. As to the other, it was good as a plea of contributory negligence. The authorities, we think, justify the conclusion that, as against a motion to dismiss, the sufficiency of an application for certiorari is tested by the same principles as is a pleading when challenged by a general demurrer. In Western Union Tel. Co. v. Jeanes, 88 Tex. 230, 31 S. W. 186, 187, the Supreme Court said: "The answer of the defendant did not plead specifically the failure to send an answering message as contributory negligence, but it averred, generally, that the plaintiff's 'injuries were caused directly and proximately by. plaintiff's own negligence.' If specially excepted to for generality, the averment should have been held bad. But no exception was interposed, and the allegation was sufficient to submit proof of the defense." In Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Tex. 413, 67 S. W. 765, the portion of the pleading under attack was "plaintiff's injury was caused by the lack of care and contributory negligence, under the circumstances of the case, in getting upon, or attempting to get upon, the engine of defendant, which defendant pleads in bar of plaintiff's cause of action." It was held: "A defendant may plead contributory negligence in general terms, and, if not excepted to, the plea will authorize the introduction of testimony to establish the fact of negligence." In Stewart v. G., H. & S. A. R. Co., 34 Tex. Civ. App. 370, 78 S. W. 979, the plea was "that plaintiff was guilty of negligence at and before his injuries which was the direct and proximate cause of the same." It was held sufficient to raise the issue of contributory negligence.

We are therefore of opinion that the judgment of the trial court dismissing the certiorari proceedings should be reversed, and the cause remanded, with directions that the application be reinstated, and it is accordingly so ordered.