## HUEBSCH MFG. CO. v. COLEMAN.

### No. 4852.

Court of Civil Appeals of Texas. Amarillo.

Feb. 2, 1938.

E. D. Slough, of Amarillo, for appellant.

McClintock & Robertson, of Childress, for appellee.

FOLLEY, Justice.

The appellee, Wm. H. Coleman, filed this suit in the justice court of precinct No. 2 of Childress county, Tex., on August 28, 1936, against Melson Lanier to recover rents in the sum of $133.75. Lanier was engaged in the business of cleaning and pressing clothing in a building owned by the appellee. The appellee caused a distress warrant to be issued against certain equipment, including one dry cleaner's tumbler, the subject of this controversy, which was used by Lanier in connection with his cleaning and pressing

shop. The appellee asserted a lien as landlord upon the property under article 5238, R.C.S. of 1925, as amended, Vernon's Ann. Civ.St. art. 5238. This suit was transferred to the justice court of precinct No. 1 of Childress county, Tex. On September 24, 1936, the appellant, Huebsch Manufacturing Company, filed a plea of intervention in this cause, asserting a chattel mortgage lien upon the dry cleaner's tumbler to secure the purchase price of the tumbler. The appellant contended that its lien was superior to that of the appellee. The appellant's mortgage was filed for record in the office of the county clerk of Childress county on July 18, 1936.

Trial was had in the justice court on September 28, 1936, wherein attorneys for both the appellee and the appellant appeared and presented their respective claims. The justice of the peace rendered judgment for the appellee for his debt and declared that his landlord's lien was superior to that of the appellant. He further denied the appellant any relief and decreed an order of sale of the property to satisfy the debt of the appellee. The appellant thereafter attempted to appeal to the county court by a direct appeal, but failed to file the necessary appeal bond on which ground that appeal was dismissed. On December 23, 1936, before ninety days had expired since the rendition of the judgment in the justice court, the appellant made an application for a writ of certiorari in the county court of Childress county, and also filed a proper bond therefor. The writ was issued returnable to the February, 1937, term of the county court. The appellee filed a motion to dismiss the certiorari proceedings, which motion was sustained by the county court on February 13, 1937. From this order sustaining appellee's motion to dismiss the application for certiorari, the Huebsch Manufacturing Company appeals to this court.

The application for the writ of certiorari was in due form and set forth the judgment rendered by the justice court. In this application the appellant also set forth the testimony introduced before the justice of the peace. This testimony is shown to have been a chattel mortgage executed by Lanier to the appellant on February 20, 1935, securing a note for $256.50, payable in installments, as the purchase price of the property involved and duly filed of record in Childress county on July 18, 1936. This application further showed the introduction in evidence of a judgment rendered by the justice court of precinct No. 1, place 1, of Potter county, Tex., on September 17, 1936, in the sum of $191.25, which judgment showed a foreclosure of the mortgage lien on the property. The application further states that the testimony introduced in the justice court showed that Lanier was a married man, the head of a family, and that his sole occupation or business was that of a dry cleaner and presser; that Lanier had used the property involved continuously since its purchase in 1925 as a necessary apparatus or equipment in carrying on his business as a dry cleaner and presser, which business ceased about August 19, 1936. The application further alleged that under article 3832 R.C.S. of 1925, as amended, Vernon's Ann.Civ. St. art. 3832, the property was exempt from execution, and according to article 5238, R.C.S. of 1925, as amended, Vernon's Ann.Civ.St. art. 5238, a landlord's lien could not attach to exempt property. It further showed that the appellant's chattel mortgage was filed of record while the property was being used by Lanier in his business and before any landlord's lien could have attached thereto. It also stated that appellant's lien was superior to that of the appellee, and that an injustice was done to the appellant by the judgment of the justice court. This application was duly verified and was otherwise in conformity with the statute.

Article 945, R.C.S. of 1925, sets out the conditions upon which an application for certiorari may be issued in this language: "To constitute a sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect."

From the order of the county court dismissing the application for certiorari it is apparent that the controlling motive for such action was that the appellant had lost its right to a certiorari by its failure to give an appeal bond in the direct appeal attempted before the application for certiorari was made. From this order it is also evident that the trial court was of the opinion that any injustice done to the appellant was due to its own inexcusable neglect in failing to file an appeal bond in the attempt at direct appeal. A portion of this order is as follows: "And it further appearing to the court that the application of the said

Huebsch Manufacturing Company for writ of certiorari herein is in all things insufficient especially in that said application shows on its face that said Huebsch Manufacturing Company lost its right to appeal through it negligence in failing to file an appeal bond as required by law."

This exact question was passed upon adversely to such theory in the case of Quinn & Bowser v. Elam, 1 White & W. Civ.Cas. Ct.App. § 1108, in the following language: "Appellee recovered judgment in justice's court against appellants. They appealed to the county court, and their appeal was dismissed for want of a sufficient appeal bond. They then obtained this certiorari, which upon motion of appellee was dismissed, upon the ground that the plaintiff had failed to file a proper appeal bond, and that because of his negligence his appeal had been dismissed. Held, the court erred in dismissing the certiorari. The dismissal of the appeal left the case as if an appeal had never been taken. The right to the writ of certiorari is not in any degree dependent upon whether an appeal has been taken or not. The plaintiff was entitled to it, though he had never appealed, and he need not show why he did not appeal. It is only necessary that he shall set out sufficient cause, stating the facts. He must show either that the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect. (R. S. 303.) The meaning of this is, that the determination of the case against him in the justice's court must not have been occasioned by his fault or neglect to make full defense. He may or may not, at his election, appeal from the judgment, but his failure to do so, or failure to perfect his appeal, does not preclude him from suing out a certiorari. If he chooses to appeal, he may, by filing a proper bond, have a trial de novo of his case, as of course. If he neglects to perfect his appeal, he cannot have a trial de novo by certiorari unless he discloses merits in his case."

In the case of Lucas et al. v. Harrison et al., Tex.Civ.App., 139 S.W. 659, we find the following language: "As to appellants' failure to prosecute an appeal to the county court, it is sufficient to say that appeal and certiorari are cumulative remedies, and in order to obtain the benefit of the latter it is not necessary to assign any excuse for not taking an appeal."

In the case of Parlin & Orendorff Co. v. Keel, 78 S.W. 1082, the Court of Civil Appeals, speaking through Judge Talbot, said: "Finding no provision in the statute requiring that the application should show good cause why the applicant did not appeal, we hold that a petition complying with the statutes above quoted is sufficient. It seems clear that the remedy by certiorari is independent of the one by appeal, and that it is not obligatory upon the applicant, in resorting to the former, to assign any reason or excuse for not adopting the latter."

▮ From the above authorities, we think it is evident that the trial court erred in dismissing the certiorari if the only vice in the proceedings was the failure to prosecute a direct appeal. It is our opinion that such a failure does not come within the meaning of the "inexcusable neglect" mentioned in article 945. The appellant is not shown to have been guilty of any neglect in the trial before the justice of the peace. The appellant appeared by its attorney and presented its claim before the justice court. Its plea before that court was denied. After such denial, from the above authorities, the appellant had two distinct and cumulative remedies to redress the alleged injustice suffered by it; one by a direct appeal, and the other by writ of certiorari. The failure to take advantage of the former remedy does not preclude the latter. In further support of this proposition, we find these additional authorities: Woodley et al. v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 20 S.W.2d 842; Lanning v. Yarbrough, Tex.Civ.App., 35 S.W.2d 211; Ray v. Parsons, 14 Tex. 370; Ward v. Mc-Rimmond, 12 Tex. 314; Poag v. Rowe, 16 Tex. 590; Von Koehring v. Schneider, 24 Tex.Civ.App. 469; 60 S.W. 277; Friend v. Boren, 43 Tex.Civ.App. 33, 95 S.W. 711; Hail v. Magale, 1 White & W. Civ.Cas.Ct. App. § 852; Northside Chevrolet Co. et al. v. Nolen, Tex.Civ.App., 87 S.W.2d 520.

Since it is our opinion that the court erred in dismissing the certiorari on the theory that the appellant was negligent in not prosecuting a direct appeal, the only question left for our determination is whether or not an injustice was done to the applicant.

▮ The article under which the appellee recovered judgment declaring his lien superior to that of appellant expressly excepts from the operation of such statute any property that may be exempt from

forced sale. At the conclusion of article 5238, we find this language: "But this article shall not be construed as in any manner repealing or affecting any Act exempting property from forced sale."

Article 3832 exempts from forced sale "all tools, apparatus and books belonging to any trade or profession." The application states that the property involved was used by Lanier as necessary apparatus or equipment in carrying on his business as a dry cleaner and presser, and was so used at the time appellant's mortgage on the property was filed. We think it is well settled that upon a motion to quash a petition for certiorari and dismiss the cause, the allegations in the application must be taken as true for the purposes of the motion. American Bankers' Ins. Co. v. Flowers et al., Tex.Civ.App., 64 S.W.2d 806; Gould v. Sanders, 60 Tex.Civ.App. 410, 127 S.W. 899; Lanning v. Yarbrough, supra; Von Koehring v. Schneider, supra; J. I. Case Threshing Mach. Co. v. Lochridge & Denny, Tex.Civ.App., 195 S.W. 266; article 953, R.C.S. of 1925.

■ The article last mentioned expressly provides that the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit or for want of sufficient bond. It follows that the grounds for the dismissal must be confined to these two conditions of the statute. There is no attack made in this court on the bond for the certiorari, and it appears to be regular in every respect. This leaves only the question as to whether or not sufficient cause appears in the application for the issuance of the certiorari. If the property was exempt from forced sale, appellant's lien was superior to that of appellee. If appellant's lien was superior to appellee's, an injustice was done the appellant in the justice court.

■ It has been held in Texas that chairs, mirrors, and tables of a barber are exempt from forced sale. Fore et al. v. Cooper, Tex.Civ.App., 34 S.W. 341. It has also been held that a "progressive finishing machine," operated by an electric motor and used by one engaged in running a shoe shop, is exempt. Hinckley-Tandy Leather Co. et al. v. Hazelwood, Tex.Civ.App.; 35 S.W.2d 209. Likewise, pool tables used by a pool hall proprietor have been held to be exempt. Harris v. Todd, Tex.Civ.App., 158 S.W. 1189. In the case of Smith v. Horton, 19 Tex.Civ.App. 28, 46 S.W. 401, 402, we find the following language: "While the statute does not enumerate what belongs to any particular trade or profession, but leaves it for judicial determination, still it is definite enough to include only such tools and apparatus as properly belong thereto, and are essential to the conducting of the business. For instance, the printing press, type, cases, etc., are tools belonging to, and are exempt to, the printer; the awl, last, etc., to the shoemaker; the forge, anvil, tongs, hammers, etc., to the blacksmith; the saw, hammer, plane, chisel, etc., to the carpenter; and so on."

The question of whether or not the tumbler herein involved was exempt from forced sale becomes a matter of fact to be determined in the light of the attending circumstances. If the allegations in appellant's petition were true, in view of the above authorities, it is our opinion that such property was exempt.

■ In the recent case of McNabb v. Terminal Bldg. Corporation of Dallas, Tex. Civ.App., 93 S.W.2d 189, writ refused, it was held that the landlord's statutory lien does not extend to exempt property owned by a tenant unless the tenant gives such a lien by express mortgage; that such property may be mortgaged to others and that such a mortgage will take priority over the claim of the landlord. That case further holds that the failure of the tenant to plead such exemption of property as tools of trade does not impress a landlord's lien on exempt property, nor does the failure of the tenant to claim the exemption defeat the rights of the mortgagee with a valid mortgage. This being the law of this state, assuming that the allegations of appellant's petition for certiorari are true, as we must assume under the above authorities, we think the application was not subject to dismissal without a trial on its merits to determine the truth or falsity of the allegations made.

We are of the opinion that the trial court erred in dismissing the certiorari herein. The judgment of the trial court is, therefore, reversed and the cause remanded, with directions that the application be reinstated, and it is accordingly so ordered.