## KNOLLE v. KNOLLE.

### No. 8945.

Court of Civil Appeals of Texas. Austin.

May 22, 1940.

Rehearing Denied June 5, 1940.

Allwyn W. Pirtle, of LaGrange, for appellant.

C. C. Jopling, of LaGrange, for appellee.

BLAIR, Justice.

This suit is one for the trial of the right of personal property, a diamond stud. It originated in the justice court, the petition alleging the value of the property to be $110. As concerns this appeal the suit is between appellant, Mrs. Atlanta Knolle, and appellee, Mrs. Leona Knolle, guardian

of the estate of Jackie Lee Knolle, a minor, who in the justice court recovered judgment for title and possession of the diamond stud. *Under the provisions of Art. 941 et seq.,* appellant filed a petition for a writ of certiorari to the county court, which was granted but later dismissed on the motion of appellee; hence this appeal.

We sustain the action of the county court dismissing the certiorari "for want of sufficient cause appearing in the affidavit" or petition of appellant, as is required by Art. 953. The sworn petition for the writ of certiorari alleged generally that an injustice not caused by her own inexcusable negligence had been done appellant by the judgment of the justice court upon two grounds: (1) because the value of the diamond stud was not proved, and therefore no jurisdiction of the justice court was shown; and (2) because she intervened in the suit in the justice court and alleged the execution and probate of the will of O. J. Knolle, deceased, which bequeathed to her said diamond stud; and that she "introduced as evidence the duly executed and probated will of O. J. Knolle, deceased, which was testified to by L. D. Boelsche and Eddie V. Urbanofsky; and the said L. D. Boelsche also testified that on the demand of the attorney for Leona Knolle he stated he would deliver the stud to him, but later telephoned him that he would not deliver said stud, which was all of the material evidence offered by any side to the controversy."

■ Appellant does not brief the jurisdictional question, and therefore waived it, no fundamental error being shown as to jurisdiction.

■ With respect to the claim that injustice was done to appellant on the trial of the case on the merits, the above quoted portion of petition and affidavit for the writ of certiorari did not allege sufficient material facts in evidence, or a reasonably full statement of the facts upon which the case for certiorari necessarily depends.

■ Appellant did not present the will relied upon, nor did she present a reasonably full statement of the facts. The rule applicable is stated in 26 Tex.Jur. 898, as follows: "* * * where a trial was had in the justice court, and the case for certiorari depends upon consideration of all the material facts in evidence, a reasonably full statement of the facts is called for. Where the 'injustice' is alleged to consist in an erroneous decision of the case on the merits, the applicant should present a resume, at least, of all the evidence, both oral and documentary, on which the justice acted. One test suggested, if the petitioner be the plaintiff, is that all possible grounds of defense should be negatived—that the application should be denied if, consistently with all the facts alleged, it may reasonably be inferred that the opposite party had a substantial claim or a valid defense which would afford a basis for the judgment rendered."

■ The rule is also settled that certiorari to review a justice court judgment is not granted as a matter of right, the application being addressed to the discretionary power of the court. Schwind et al. v. Goodman et al., Tex.Com.App., 221 S.W. 579; McBurnett v. Lamkin, 45 Tex.Civ. App. 567, 101 S.W. 864; Huebsch Mfg. Co. v. Coleman, Tex.Civ.App., 113 S.W.2d 639. There is nothing in this record to indicate that the court abused its discretionary power in the instant case.

The judgment of the trial court is affirmed.

Affirmed.