**REVERSE and REMAND; and Opinion Filed July 5, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01206-CV

### ANITA KANE, Appellant
### V.
### KATHY BRADY, Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-04125-E**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Boatright

Kathy Brady sued Anita Kane in Justice Court to recover money allegedly loaned but not repaid by Kane. Kane, a Virginia resident, challenged the court's personal jurisdiction over her, but her special appearance was denied. The court went on to find in favor of Brady, awarding her $8450.33. Kane filed a Petition for Writ of Certiorari (the Petition), which was assigned to the County Court at Law No. 5. Her Petition was denied in that court, and she challenges the denial in this appeal, raising two issues: (1) whether her Petition is an available remedy in a matter when an appeal on the merits of the case is also pending, and (2) whether she met the requirements of rule 506.4 so that her Petition should have been granted. We resolve the first issue against Kane, reverse the County Court's judgment, and remand the case for proceedings consistent with this opinion.

A petition or application for a writ of certiorari must be granted only if it contains a sworn statement showing either that the Justice Court did not have jurisdiction or that the suit's resolution "worked an injustice" to the applicant not caused by the applicant's neglect. TEX. R. CIV. P. 506.4(b). Kane filed her Petition on August 1, 2017, contending that the Justice Court lacked personal jurisdiction over her. Had her Petition been successful, she would have received a trial de novo in a county court. TEX. R. CIV. P. 506.4(k). The case would have been tried and judgment would have been rendered "as in cases appealed from the justice courts." *Id.*

Kane also filed an appeal of the Justice Court's judgment on July 21, 2017. Her appeal—like her Petition—was timely under the rules. As Kane points out in her brief, courts have held that a direct appeal and a writ of certiorari are "distinct and cumulative remedies to redress the alleged injustice suffered" in a justice court. *Thomas King v. Oak Ridge Apartments*, No. 04-16-00667-CV, 2017 WL 2562743, at *2 (Tex. App.—San Antonio June 14, 2017, no pet.) (citing *Huebsch Mfg. Co. v. Coleman*, 113 S.W.2d 639, 641 (Tex. Civ. App.—Amarillo 1938, no writ)). However, in this case, Kane's appeal was assigned to the County Court at Law No. 2, a different court than her Petition. The case advanced in both courts, with the Petition's being denied, resolved, and appealed first. But the fact of dual proceedings, involving the same parties and identical issues, threatens the prospect of inconsistent results and competing appeals. Kane's right to pursue either or both remedies does not extend to pursuing them in separate courts.

We have a longstanding rule for addressing interrelated cases filed and pending in more than one court: "when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction and should proceed, and the other cases should abate*." Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001). Abatement is appropriate to conserve judicial resources, to avoid delay, and to promote comity, convenience, and an orderly procedure in the trial of contested issues. *Id.* Although this rule applies to parties who have filed

the same case in different counties, all of the reasons supporting abatement in those cases operate here as well.

The parties to this appeal agree that the first-filed case in the County Courts was Kane's direct appeal. Therefore County Court at Law No. 2 acquired dominant jurisdiction over Kane's challenges to the Justice Court's judgment. Kane can receive full consideration of all of her issues in that forum; she is not harmed by allowing only one case to go forward. The general rule when interrelated suits are filed in different counties is that the court in the second action must abate the suit. *In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d 320, 322 (Tex. 2016). The circumstance in our case is analogous. Accordingly, we conclude that the case in County Court at Law No. 5 should have been abated rather than allowed to proceed while Kane's direct appeal was pending. We overrule Kane's first issue.

We reverse the judgement of the County Court at Law No. 5 and remand this cause to that court to be abated.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

171206F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ANITA KANE, Appellant

No. 05-17-01206-CV      V.

KATHY BRADY, Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-17-04125-E.
Opinion delivered by Justice Boatright.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court to be abated.

It is **ORDERED** that parties will bear their own costs of this appeal.

Judgment entered this 5th day of July, 2018.